NATHANIEL WEST *v.* HORACE MOORE.

Infancy is a good bar to an action founded upon a false and fraudulent warranty upon the sale of a horse.

TRESPASS on the case for a fraudulent representation, in selling a horse. Plea, general issue, and trial by jury.

On the trial in the county court the plaintiff introduced testimony tending to show that the defendant sold him the horse as alleged in the declaration, and, to induce the plaintiff to make the purchase, the defendant represented to him and expressly promised that the horse was no more than eight years old, that the plaintiff purchased him, relying on such representations and had not the representations been made he would not have purchased him, that the horse was, at the time twelve years old, and this was well known to the defendant, or the defendant had such knowledge, in relation to his age, that he did, at the time of the sale, believe him to be twelve years old. It was admitted that the defendant was, at the time of the sale in question, an infant, under the age of twenty-one years. The defendant contended, and so requested the court to charge the jury, that from these facts, the defendant was not liable in this suit; but the court charged the jury that if all the testimony thus introduced by the plaintiff was believed by them, he was entitled to a verdict. The jury returned a verdict for the plaintiff and the defendant excepted to the charge of the county court.

*E. Farr* and *T. Bartlett,* for defendant.

The act with which the defendant is charged, is only a statement or promise in the course of a trade which was a part of the conversation which, taken together, constituted the contract and was untrue at the time as the defendant supposed. It must be nothing more nor less than a warranty of the age of the horse, known at the time to be false by the warrantor, and which would have made an adult liable on the warranty, *ex contractu.*

The representations and promises which constitute a warranty are a part of the contract of sale. *Reed* v. *Wood,* 9 Vt. 285.

The proper remedy for the breach of this contract is assump- sit, and such would have been the action, if the plaintiff did not suppose that an action for deceit, if it could be maintained, would be, in this particular case, a more efficacious remedy. What is, in fact, and on its face, a contract, is converted into a tort for the purpose of holding a *minor*, who is not otherwise liable. This cannot be allowed. *Jennings* v. *Randall*, 8 T. R. 335. 1 Swift's Dig. 57. 20 Am. Jurist, 262–3. 2 Starkie's Ev. 725. 1 Chitty's Pl. 65.

But if a fraudulent sale partakes of the nature of a tort and may be treated so in common cases, it is yet a tort aris- ing from a contract, for it operates only by a contract, and for such an infant is not liable, his liability being confined to acts wholly tortious or to actual torts, as they are called, such as trespass, &c., which are *vi et armis,* and not for those which sound in *deceit*. 3 Bacon's Abridgement, 132. 1 Bl. Comm. 466, and Chitty's notes. Jacob's Law Diction- ary, title infant. 3 Salkeld, 196. 20 Am. Jurist, 262–6. 1 Chitty's Pl. 65. 3 Digest N. Y. R. 78, Chitty on Contracts, 123. 2 Kent's Comm. 241. 2 Starkie's Ev. 724–5.

It is expressly laid down that an infant is not liable for deceit, that he is not liable for falsely representing himself of age to procure goods and so procuring them, nor for de- ceit in selling a horse, but only for *actual* torts. See above authorities.

The form of the action does not decide the liability of the infant whether *ex contractu* or *ex delicto*, but the nature of the transaction which is the ground of the claim.

*C. Davis* and *W. Upham* for plaintiff.

It is a well settled principle of the law that an infant is liable in respect of all torts committed by him, as for slander, malicious prosecution, trover for goods delivered to him for a particular purpose and which he has converted to his own use, or failed to return. *Vasse* v. *Smith*, 6 Cranch R. 226. 2 Starkie's Ev. 724. 4 McCord. R. 387. *Mills* v. *Gra- ham*, 4 B. & P. 140. 2 Kent's Comm. 241. Story on Bail- ment, 35. So an infant is liable in trover, when he hires a horse to go to one place and goes to another and injures the horse. *Horner* v. *Thwing*, 3 Pick. R. 1. Chitty's Pl. 87 ; and he is also liable to an action of deceit on the warranty

of a horse. *Ward* v. *Vance*, 1 Nott & McCord. 197. In a word, the privilege of infancy is designed by the law 'as a shield and not as a sword,' and in the language of Lord Mansfield, (in *Zouch* v. *Parsons*, 3 Burr. R. 1802,) 'it 'never should be turned into an offensive weapon of *fraud* or '*injustice.*' 1 Esp. R. 172. Reeves' Dom. Rel, 246. 10 Vt. R. 71. 1 Vt. R. 177. 6 do. 42. 12 do. 32. 2 Wend. 137. 1 Esp. R. 172. 16 Mass. 389. 3 Day, 411. 5 Mass. 104.

The opinion of the court was delivered by

BENNETT J.—Though the principle that a minor is liable for his torts is clear, yet this is a case in which the plaintiff seeks to charge the minor in an action, in form *ex delicto,* for a false and deceitful warranty on the sale of a horse. The exceptions state that to induce the plaintiff to purchase the horse, the defendant represented and expressly promised him that the horse was no more than eight years old, which he then knew to be false.

In cases in which the substantive grounds of action rest in contract, minors cannot be rendered liable by changing the form of action, when they would not be liable on the contract itself. The case of *Jennings* v. *Randall,* 8 Term R., 335, in which the minor was held not liable, though the action was in form *ex delicto,* for riding the horse immoderately which he had undertaken to use moderately, proceeds upon this principle. So, too, do the cases of *Grove* v. *Newell,* 1 Keb. 778, and *Johnson* v. *Pie,* 1 Lev. 169, where, in the one case, upon the sale of goods, the minor affirmed that they belonged to the vendor, and, in the other, in obtaining money upon a loan, affirmed himself to be of age, yet he was held not liable for the deceit. In *Manby* v. *Scott,* 1 Sid. 129, the distinction is taken that if the action against an infant is founded on a contract, it shall not be converted into a tort. The case of *Green* v. *Greenbank,* 4 C. L. R. 375, is the very case of a false warranty in the sale of a horse, and the action in form *ex delicto,* yet the infant was held not liable. This was a case in the common pleas court, is directly in point, and is, we think, in accordance with the whole course of the English law upon the subject. The South Carolina case to which we have been

CALEDONIA,
*March,*
1842.

referred, 1 Nott & M'Cord's R. 197, being in conflict with the English cases, both ancient and modern, is entitled to no consideration. In the case in 3 Pickering's R., which was much relied upon by the plaintiff in argument, the cause of action did not arise out of the bailment, but from a subsequent conversion of the property after the bailment was determined. Such was the case also in 6 Cranch, 226. These and similar cases fall within the common principle, which renders minors liable for their torts, as in the case of slander. In the case now before the court, the cause of action, it is clear, arises out of contract. Though an infant is liable for positive wrongs, and constructive torts, or frauds, yet, to charge him, the *fraudulent act* must be wholly tortious. If the matter arises from contract, though the transaction is infected with fraud, it cannot be turned into a tort to charge the infant by a change in the form of action. This principle has been adopted to protect infants against the effect of their contracts made by improper artifice in the thoughtlessness of youth, and before they suitably appreciate the value of character and the obligations of moral duty. It is for us to declare the law as we find it, and therewith we should be content.

The judgment of the county court must be reversed, and a new trial granted.