Morrill *v.* Aden.

---

### ALFRED MORRILL *v.* JOHN G. ADEN.

Infancy is a good bar to an action founded upon a false and fraudulent warranty upon the sale of a horse, whether such action is in form *ex delicto*, or *ex contractu.*

But the infant must either affirm or avoid the entire contract; and if he choose to affirm it, after he becomes of age, by bringing an action upon the notes given upon consideration of the sale, he cannot, upon his plea of infancy, preclude the defendant from taking advantage of the false warranty, in any proper manner, as a defence.

It is well settled, that a contract may be avoided for an entire want of consideration, or failure of consideration. But where the plaintiff sold a clock and a horse for a harness and two promissory notes, and falsely and fraudulently warranted the horse to be safe and kind, and it appeared that the horse had such an inveterate habit of kicking as to render him worthless, it was held, that there was not such an entire failure or want of consideration as to constitute a defence to the notes, notwithstanding the clock had not been in fact delivered by the plaintiff.

But it was held, that the failure of consideration, in such case, was such as to authorize the defendant to rescind the entire contract; and it appearing that he had offered to do so in reasonable time, and that the plaintiff had refused to receive the horse and surrender the notes and harness, it was held, that this constituted a sufficient defence to an action upon the notes.

64

Morrill *v.* Aden.

Assumpsit upon two promissory notes, dated June 5, 1845. The defendant pleaded the general issue, and also pleaded, in offset, that, on the 5th day of June, 1845, in consideration that the defendant would purchase of the plaintiff a certain mare, the plaintiff warranted the said mare to be kind and safe in the harness and suitable for the use of the defendant's family; and he averred a breach of the warranty. Trial by jury, June Term, 1846,—Kellogg, J., presiding.

On trial, the plaintiff having given in evidence the notes declared upon, the defendant proved, that on the 5th day of June, 1845, the plaintiff sold to the defendant a horse and a clock, for which the defendant was to deliver to the plaintiff a harness and the two notes declared upon; and that the defendant delivered the harness and the notes to the plaintiff, and the plaintiff delivered the mare to the defendant; but there was no proof, that the clock had ever been delivered. The defendant also proved, that the plaintiff then warranted the mare to be kind and safe for any person to use; but that, in fact, the mare had such an inveterate habit of kicking, that she could not be harnessed without being fettered, that she was an unsafe and dangerous beast to use, that by reason of her habit of kicking she was nearly or quite worthless, that all this was well known to the plaintiff before the sale, and that the defendant, upon the same 5th of June, 1845, upon discovering the vicious habits of the mare, requested the plaintiff to receive her back and surrender the harness and notes,—which the plaintiff declined doing. The plaintiff then proved, that at the time of the sale and warranty he was under twenty one years of age.

Upon these facts a verdict was taken for the plaintiff, by consent, for the amount of the notes, under a rule, that the court should enter a judgment for the plaintiff, or defendant, as the case might be, with liberty to the parties to except.

The court rendered judgment for the defendant. Exceptions by plaintiff.

*A. Underwood* for plaintiff.

1. There is a variance between the allegations in the plea in offset and the proof,—the sale of the clock not being alleged as a portion of the consideration for the harness and notes delivered by the de-

fendant. 1 Chit. Pl. 263, 271. *Curley* v. *Dean*, 4 Conn. 265. 3 Stark. Ev. 1548–1562. *Swallow* v. *Beaumont*, 2 B. & A. 765. *White* v. *Wilson*, 2 B. & P. 116. *Vail* v. *Strong*, 10 Vt. 457. 1 Greenl. Ev. 79.

2. The minority of the plaintiff is a complete defence to the plea in offset. There was not a total failure of the consideration of the notes; and nothing short of this would defeat them. Issue is joined upon the plea in offset, and a breach of warranty is the *gist* of the matter. To this the plaintiff's minority is a complete answer; and he is therefore entitled to judgment on the verdict. *Jennings* v. *Rundall*, 8 T. R. 335. 1 Keb. 778. 1 Lev. 169. *Green* v. *Greenbank*, 4 E. C. L. 375. 2 Kent 241. Chit. on Cont. 123. 2 Stark. Ev. 724. *West* v. *Moore*, 14 Vt. 448.

*T. Howard* for defendant.

The case of *West* v. *Moore*, 14 Vt. 447, is not applicable to this case. That was an attempt, by an action of tort, to hold an infant liable for a false warranty that a horse was of a certain age; whereas in the case at bar the infant asks the court to allow him to use his privilege for the purpose of *enforcing* a contract founded in fraud, and without consideration.

It is well settled, that, if the consideration of a contract fail, or if there were no consideration, this will constitute a full defence under the general issue. 2 Vt. 439. 4 Vt. 174. 10 Mass. 254. 15 Johns. 230. 19 Johns. 53. 1 Stark. Ev. 280. The cases of *Farr* v. *Sumner*, 12 Vt. 28, and *Bigelow* v. *Kinney*, 3 Vt. 353, fully authorize a recovery by the defendant under the plea in offset.

The doctrine, that an infant may rescind his contract and yet retain the consideration, is wholly destitute of principle, and is not sustained by the authorities. In such case the parties are in the same situation, as if the contract had never existed.

The opinion of the court was delivered by

Davis, J. This is assumpsit on two notes payable in specific articles. The general issue was pleaded, and also a plea in offset, and issue was joined to the country.

It appears by the exceptions, that the consideration of the notes was the sale to the defendant of a mare and a clock. In addition

to these notes the defendant delivered to the plaintiff, at the time he received the mare, a harness. The clock was never delivered. The plea in offset is founded upon a warranty, that the mare was kind and good to work, whereas, in truth, she had an inveterate habit of kicking, so that she could not be harnessed without being fettered, and was unsafe and dangerous to use, and worth little or nothing. The case shows, that the plaintiff knew of these vicious qualities of the animal when he sold her to the defendant. The reply which the plaintiff makes is, that he was under twenty-one years of age, when he made the warranty.

On the principles of the case of *West* v. *Moore,* 14 Vt. 447, it is obvious, that the offset cannot be sustained. In that case the action was brought in form *ex delicto,* and yet, being founded upon a contract, the court held that it was governed by the same principles, as if it had been assumpsit. Here it is assumpsit; had it been otherwise, this matter could not have been pleaded as an offset.

In analogy to the case of *Bigelow* v. *Kinney,* 3 Vt. 353, I think the whole contract must stand or fall together. It was competent for the plaintiff, when he came of age, to have disaffirmed the whole bargain, returning the harness and the two notes to the defendant and demanding the mare. Instead of doing so, he has, by bringing this suit, chosen to affirm it, in all respects, except that he wishes to extricate himself from that portion of it, which binds him to the observance of good faith and common honesty in the fulfilment of it. To permit him to do this would, instead of affording a salutary and necessary protection to infants from their contracts generally, enable them to use this privilege for the perpetration of frauds upon others. This would be manifest injustice. On this ground I am of opinion, that, by thus affirming the contract on his part, he is estopped from setting up infancy as a defence to that portion of the contract obligatory upon him. To adopt the language of PRENTISS, J., in the case above cited, "Nothing is clearer, than that a party cannot affirm an entire contract in part and avoid it in part." However, the court have chiefly regarded the present case under another aspect,—that is, under the plea of the general issue.

It is well settled, that, upon an entire want of consideration, or failure of consideration, the contract may be avoided. If the consideration for the notes had not included a clock, as well as the mare,

Morrill v. Aden.

which clock, though not delivered, for aught that appears the plaintiff was able and willing to deliver in accordance with the contract, we should have no hesitation, from the facts stated, in coming to the conclusion, that the mare might be regarded as affording no legal support to the promise on the part of the defendant. In such case he could not only resist the payment of the notes, but could maintain trover for the harness actually delivered. This last point was so decided on the present circuit, in a case in Windsor county.* The main facts were substantially the same as here, except that no question of infancy arose. A recovery was resisted solely, or chiefly, on the ground that the contract of sale was made on Sunday, and that, both parties being equally in fault, *potior est conditio defendentis.* This defence was not, however, allowed to prevail.

The sale of the horse and clock on one side for the harness and notes on the other constituted an entire contract; and a failure of value as to one of the articles would not necessarily render the whole contract without consideration, and for that reason avoidable. It is possible, that an inquiry as to the value of the clock might be gone into before the jury, and the damages be reduced *pro tanto.* The authorities on this point are conflicting, and we give no opinion respecting it.

We think, however, that the failure of consideration here was to such an extent, as to authorize the defendant to rescind the contract altogether. This he offered to do, in a reasonable time. Even if he had the right to *recoupe* the damages, or have them cut down to the value of the clock, still the purchase of the horse may have constituted the main inducement to the bargain, without which it would not have been entered into; and on that ground he ought to be allowed, at his own option, to treat it entirely as invalid. This is a doctrine in accordance with equity and justice, and sanctioned at law, as well as in equity, by the best authorities. Chancellor KENT says, [2 Kent 470,] "If a title to a part of the chattels sold had totally failed, so as to defeat the object of the purchase, as if A. should sell B. a pair of horses for carriage use, and the title to one of them should fail, it is evident, from analogous cases, that the whole purchase might be held void, even in a court of law." A

---

* Adams v. Gay, *ante*, page 358.

similar principle was adopted by Lord KENYON, in respect to the purchase of three lots of real property at auction, the title to two of which failed. *Chambers* v. *Griffiths*, 1 Esp. R. 150. See, also, 11 Johns. 525. As applied in chancery, Lord BROUGHAM, it is true, was only inclined to admit the rule, with the qualification, that there was some connection between the different lots, so that a presumption shoud be afforded, that the purchaser would not have made the purchase, had he been aware of the true state of facts. 8 Cond. Ch. R. 516.

On the whole, the judgment of the county court is affirmed.