FOR THE

COUNTY OF WINDHAM,

FEBRUARY TERM, 1851.

---

PRESENT,

HON. STEPHEN ROYCE, CHIEF JUDGE.
HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. DANIEL KELLOGG, }

---

CHARLES TOWNE & CO. *v.* HASKELL J. WILEY.

*Liability of infant for property bailed.*

When property is bailed to an infant, his infancy is a protection to him for any non-feasance, so long as he keeps within the terms of the bailment. But when he departs from the object of the bailment, it amounts to a conversion of the property, and he is liable to the same extent, as if he had taken the property in the first instance without permission.

An infant hired a horse for the purpose of going to B. and returning the same day. He went to B., but returned by a circuitous route, which nearly doubled the distance, and stopped at a house upon the way, leaving the horse without shelter from eight o'clock in the evening until four o'clock the next morning, and did not return until eight o'clock the next morning; and from this over-driving and exposure the horse died. And it was held, that this amounted to a conversion of the horse, for which the infant was liable in trover.

Towne et al. *v.* Wiley.

TROVER for a horse. Plea, the general issue, and trial by the jury, September Term, 1850,—KELLOGG, J., presiding.

The plaintiffs were livery stable keepers at Bellows Falls, and on the thirteenth of July, 1349, the defendant, then an infant of the age of twenty years, hired of them a horse to drive from Bellows Falls to Brattleboro, a distance of twenty three miles, and to return the same day. The defendant drove the mare to Brattleboro'; but, instead of returning to Bellows Falls by any of the usual and direct routes, he returned by a very circuitous route, thereby increasing the distance about seventeen miles, and in two instances departed from this circuitous route, for the distance of from one to two miles, and returned to the circuitous route at the points of departure. The day was very warm, and towards night the horse seemed fatigued; the night was cool and windy, and the defendant, before returning to Bellows Falls, stopped at a house in Westminster and remained there from about eight o'clock in the evening until between three and four o'clock the following morning, and the horse was kept exposed during all this time to the night air, without shelter or covering of any kind. The horse was returned to the plaintiffs the morning following the hiring, and then ate nothing, and was sick immediately after, and died within four or five days, while under the care and in the possession of the plaintiffs, and was worth nothing, when returned to the plaintiffs. The testimony tended to show, that the horse, when received by the defendant, was well and in good condition, and worth $150,00, or more; and that while sick, he appeared as if he had been driven hard and exposed to the wind; and that such driving and exposure was calculated to produce the results, that did actually follow from the use of the mare by the defendant.

The defendant requested the court to charge the jury, that the infancy of the defendant was a bar to this suit. But the court instructed the jury, that the infancy of the defendant was no bar to the plaintiffs' right to recover the damages which accrued to the horse by any acts of the defendant after a conversion of the horse by him, and that, if the jury found the facts as above detailed, they constituted a conversion. The court farther instructed the jury, in accordance with the request of the defendant, that the rule of damages was the value of the mare at the time of the conversion by the defendant, and not at the time she was received from the plaintiffs.

Verdict for plaintiffs. Exceptions by defendant.

*C. I. Walker* and *G. B. Kellogg* for defendant.

It is undoubtedly a general rule, as to adults, that when a bailee puts the thing bailed to a different use from that for which it was bailed, it is a conversion of the property, and trover will lie. Story on Bail., § 413. *Wheelock* v. *Wainwright*, 5 Mass. 104. *Rice* v. *Clark*, 8 Vt. 109. *Rotch* v. *Haines*, 12 Pick. 136. *Loeschman* v. *Machin*, 2 Stark. 311, [3 E. C. L. 359.] *Farrant* v. *Thompson*, 5 B. & Ald. 826, [7 E. C. L. 272.] *Swift* v. *Mosely*, 10 Vt. 210. *Grant* v. *King*, 14 Vt. 367. *Hart* v. *Skinner*, 16 Vt. 138. The soundness of some of the decisions upon this point may well be questioned, especially where the different use does not produce the injury. Story on Bail., § 413. *Davis* v. *Garrett*, 6 Bing. 716, [19 E. C. L. 212.] *Johnson* v. *Weedman*, 4 Scam. 695. The reason for the rule seems to be, that in the contract of bailment there is an implied provision, that the property shall not be put to such different use, and the putting it to such use is subversive of the contract, and therefore it may be treated as a conversion. Story on Bail., § 413. In case of infants the same results ought not to follow, for the reason, that they are not bound by the contract of bailment, limiting the use of the thing bailed. The form of action does not determine the infant's liability, and he cannot be made liable, when the cause of action arises from a contract, although the form be *ex delicto*. *West* v. *Moore*, 14 Vt. 447. *Green* v. *Greenbank*, 2 Marsh. 485, [4 E. C. L. 375.] Thus he cannot be liable in case for riding a horse *immoderately*; Story on Bail., § 380; 1 Chit. Pl. 65.; *Jennings* v. *Rundall*, 8 T. R. 335; Bing. on Infancy 111; and this because it is a mere violation of the contract. Ib. The driving beyond the place, for which the horse is hired, is no less a violation of the contract, than driving beyond a moderate speed; and the holding an infant liable for such an act is making him liable for a mere breach of contract,—which is not to be allowed. *Jennings* v. *Rundall*, 8 T. R. 335. *Penrose* v. *Curren*, 3 Rawle 151. *Curtis* v. *Patton*, 11 S. & R. 319. *Wilt* v. *Welsh*, 6 Watts 9. The only case directly in point *contra* is that of *Homer* v. *Thwing*, 3 Pick. 492. That case was decided upon the authority of *Wheelock* v. *Wheelwright*, 5 Mass. 104, where there was no defence of infancy. The other authorities referred to do not sustain the decision. This case seems to have met the approval of Bennett, J., in *Green* v.

*Sperry*, 16 Vt. 392; but the decision does not involve the point, and of course it is not authority.

The result of a careful examination of the authorities seems to be this. Trover may be maintained against an infant for the conversion of property. But the same facts, which in the case of an adult are evidence of conversion, are not evidence of a conversion by an infant. An infant cannot be made liable, in trover, for an act, which is a mere breach of a contract, when there is no active intention to convert the property to his own use ;—but he may be made liable in trover for an actual, wilful conversion of property, unconnected with the contract, such as the sale of the property, its intentional destruction, or the refusal to deliver it up on demand, when it was in his power to deliver it. 1 Am. Lead. Cas. 118. The test is, whether the liability can be shown, without taking notice of the contract ;—if so, he is liable, otherwise not.

*Baxter* and *Stoughton* for plaintiffs.

The defendant, in driving the horse beyond the place where he had liberty to drive and keeping him beyond the time, in which he agreed to return him, was guilty of a conversion, and is liable to the plaintiffs in trover. *Wheelock* v. *Wheelwright*, 5 Mass. 104. And this is the only action which can be sustained. *Wheelock* v. *Wheelwright*. *Homer* v. *Thwing*, 3 Pick. 492. Even during the continuance of the bailment, and in the use of the property for which it was bailed, an infant, by wilful and positive wrong, may determine the bailment and subject himself to an action of trespass. *Campbell* v. *Stakes*, 2 Wend. 137. And in this case the plaintiffs are pursuing the only remedy, which the law provides either in case of an adult, or an infant. Infancy cannot be pleaded in bar to an action of trover; and although the evidence of infancy was properly received, yet it is only received as a defence, and not as a bar, as in assumpsit. *Vasse* v. *Smith*, 6 Cranch 226. But in the case at bar the defendant, though an infant, had arrived at years of discretion, being twenty years of age, and cannot claim any protection, to which an adult would not be entitled. We insist, therefore, that his infancy is no defence to the action. An infant may be charged for a tort arising subsequent to a contract, and so far connected with it, that but for the contract the tort would not have been committed.

Towne et al. *v.* Wiley.

The tort here is subsequent to the contract, and not a mere breach of it, and infancy is no defence. *Fitts v. Hall*, 9 N. H. 441. *West v. Moore*, 14 Vt. 447. *Green v. Sperry*, 16 Vt. 390. *Lewis v. Littlefield*, 15 Maine 236.

The opinion of the court was delivered by

REDFIELD, J. This is an action on the case, in trover, for the conversion of a certain horse. The facts which appeared on the trial were, that the defendant, being an infant of twenty years, hired of the plaintiffs, who were livery stable keepers at Bellows Falls, the horse in question, to go to Brattleboro' and back the same day. He went to Brattleboro' and returned by a circuitous route, nearly doubling the distance, which, in a direct course, is twenty three miles, at about eight o'clock in the evening went to a house in Westminster, and remained until four o'clock the next morning, the night being cool and windy, and the horse exposed, during the whole night, without shelter or covering of any kind. This was on the thirteenth of July, and the horse, when returned to the plaintiffs the next morning, was sick, ate nothing, and died in five or six days, from the over driving and exposure. The court charged the jury, that these facts constituted a conversion by the defendant, and that his infancy was no bar to the action, and that the plaintiffs were entitled to recover the value of the horse, at the time of conversion, which would be when the defendant departed from the use for which he hired the beast.

The cases upon the subject of the liability of infants, for torts, when viewed with reference to their facts, may not seem altogether consistent; but when the principle, upon which the courts profess to proceed, is examined, they will all be found to be placed upon the same ground; and no case is to be regarded as authority, except for the principle, upon which the courts professed to proceed in deciding it. In all the cases, then, upon this subject, it will be found, that the courts profess to hold infants liable for positive substantial torts, but not for violations of contract merely, although, by construction, the party claiming redress may be allowed, by the general rules of pleading, to declare in tort, or contract, at his election. *Jennings v. Rundall*, 8 T. R. 335, was entirely of this character. The form of the action was trespass on the case, for immoderately

driving a mare, let to hire by the plaintiff to the defendant, and trover for conversion. The defendant pleaded infancy to the counts for immoderately driving, and the plaintiff demurred, and Lord Kenyon, in giving judgment, speaks of the defendant as a lad. But in every view of the case, the defendant was guilty of a mere omission, a *nonfeasance*, or breach of the implied contract, to use the beast discreetly and carefully, and he had judgment.

*Bristow* v. *Eastman*, 1 Esp. N. P. C. 172, was *assumpsit* for money had and received, and on trial it appeared that the defendant had obtained the money, while in the plaintiff's employ, by a substantial fraud, in making overcharges of expenditures on account of the plaintiff's business, and thus effecting a false settlement with the plaintiff. Lord Kenyon said, that although the action was in form *assumpsit*, it was in substance for a tort, and the plaintiff might have maintained trover, and gave judgment for the plaintiff.

*Green* v. *Granbank*, 2 Marshall 485, professes to go upon the same ground as the two last; but the facts here show more of tort, in the defendant, than *Jennings* v. *Rundall;* and one case in this State, *West* v. *Moore*, 14 Vt. 447, professing to follow this case, has perhaps pushed it somewhat to an extreme. The facts in this latter case showed, perhaps, something more than a mere *nonfeasance*, or breach of contract. But this case also professes to go upon the same general ground, and the court, deciding it, are alone responsible for the construction of its facts.

Applying these general principles to the case before us, it seems to us, that the distinction taken in the court below is the true one. So long as the defendant kept within the terms of the bailment, his infancy was a protection to him, whether he neglected to take proper care of the horse, or to drive him moderately. But when he departs from the object of the bailment, it amounts to a conversion of the property, and he is liable as much as if he had taken the horse in the first instance without permission. And this is no hardship; for the infant as well knows, that he is perpetrating a positive and substantial wrong, when he hires a horse for one purpose and puts him to another, as he does, when he takes another's property by way of trespass.

The case of *Homer* v. *Thwing*, 3 Pick. 492, is, in all its leading facts, and every way, in principle, identical with the present. The

case of *Fitts* v. *Hall*, 9 N. H. 441, goes even farther, perhaps, and yet we like the good sense and love of fair dealing evinced by the decision of that case. There, an infant, by representing himself of full age, gains credit, giving his note, and when sued upon the note, avoids it on the ground of infancy. The court held him liable for the goods, in trespass on the case. It may not be important to inquire how far this decision will stand with *Johnson* v. *Pie*, 1 Lev. 169; *S. C.*, 1 Keb. 905; Ib. 913; 1 Sid. 129; 10 Petersd. Ab. 559, or with some other of the old cases. But for one, I must say, I like the truthfulness and firmness evinced in the decision. It seems to me to be a case far more worthy of respect, than that class of cases, where the courts have shown so much solicitude to give the infant the benefit of my Lord MANSFIELD's shield, that they have allowed him sometimes to use his privilege as a weapon of offence also. The case of *Vasse* v. *Smith*, 6 Cranch 226, goes much farther than it is needful to go, to make the defendant liable in the present case, and yet not farther than sound policy and a proper regard for fair dealing would seem to require. *Campbell* v. *Stakes*, 2 Wend. 137, is a full authority for the plaintiff, in the present case. And, if no case in point were produced, it seems to us, upon general principles, the plaintiff is entitled to retain his verdict.

Judgment affirmed.