PETER H. MERRIAM *vs.* MICHAEL B. CUNNINGHAM.

A defendant is not estopped from setting up infancy as a defence to a contract, by his fraudulent representations that he was of full age.

It is a question of law for the court, whether certain articles for which an infant is sued, are within the class of necessaries; and if so, the jury are to pass upon their adaptation to the condition and wants of the infant.

The board of four horses for six months, the principal use of which was in the business of a hackman, is not within the class of necessaries for which an infant is liable, although the horses are occasionally used to carry his family out to ride.

A defendant cannot obtain the right to open and close under the forty-first rule of the court of common pleas, unless his admission of the plaintiff's case is filed before the trial commences.

ASSUMPSIT for the keep of four horses from May to October 1850, at $14 per week. The principal defence was infancy.

At the trial in the court of common pleas, before *Wells*, C. J. after the plaintiff's counsel had read the writ and declaration, the defendant filed a statement in writing, admitting that the claim sued for was justly due to the plaintiff, and that the defendant was liable to pay the same unless he could estab-lish his defence of infancy, and thereupon claimed to open and close, under the 41st rule of the court of common pleas. The plaintiff objected that the admission and claim came too late. But the judge ruled that it was not too late, and per-mitted the defendant to open and close.

The plaintiff offered evidence tending to show that the defendant fraudulently represented himself to the plaintiff as being of full age, and thereby obtained the credit aforesaid, and he claimed that the defendant was thereby estopped to set up the defence of infancy. But the judge ruled that such a representation on the part of the defendant would be no reply to the defence of infancy, and excluded the evidence.

It was proved that the defendant at the time said debt was contracted, was a minor, and a married man, having a wife and one child; that he was a house-keeper, living in a house at South Boston, owned by himself or his wife; that during the time said horses were kept and boarded by the plaintiff, said defendant's wife was in an advanced state of pregnancy; and the plaintiff offered evidence tending to show that from time to time while said horses were kept by the plaintiff for the defendant, the defendant used them for the purpose of carrying his wife and family out to ride. There was no other evidence of the state of health of the wife and family. The plaintiff claimed that such use of said horses was within the class of necessaries, or that at least it was a question for the jury whether it was so or not, and if so, that the defendant was liable for their keeping, at least *pro tanto*.

But the judge ruled that on this evidence there was no ques-tion for the jury, and that as the principal use of the horses by the defendant was in his business as a hackman, (which was not disputed by the plaintiff,) such incidental use of them for family purposes would not entitle the plaintiff to recover

in this action. The verdict being for the defendant, the plaintiff excepted to all the rulings.

*G. M. Browne*, for the plaintiff.

*O. H. P. Greene*, for the defendant.

BIGELOW, J. The plaintiff seeks to avoid the defendant's plea of infancy in the present case by proof, that the defendant fraudulently represented himself to be of full age, and thereby obtained credit for the keep of the horses, to recover the price of which this action of assumpsit is brought. But it appears to us, that no such answer to a plea of infancy can be allowed, without overturning the well established rules of law applicable to the contracts of minors. The plaintiff seeks to recover upon a contract which, upon plea and proof, is legally avoided. The fraud of the defendant, if ever so clearly shown, does not restore validity to his promise, or, in any way, enhance its obligation; it is the contract, which forms the sole right of the plaintiff to recover in this suit, and no liability upon it, as such, can be maintained against the defendant, who has established its legal invalidity. If the position assumed by the plaintiff is sound, then the result would be that a plaintiff in an action of assumpsit on a contract, which the law holds void, would recover damages for an injury caused by the fraudulent misrepresentations of the defendant. It is manifest that no such confusion of rights and remedies can exist in the law. Besides; in an action of assumpsit, the measure of damages is the amount which the defendant promised to pay by his contract; but for fraudulent representations the plaintiff could recover only the damages actually sustained; which might, and often would be much less than the amount due on the contract, for the very reason, that the infant may have been overreached, and promised to pay more than an equivalent for that which he received by the contract. The doctrine contended for by the plaintiff would effectually deprive infants of that protection which the law sedulously seeks to afford them in their dealings.

It is by no means clear, that an action *ex delicto* can be maintained against an infant for fraudulently representing himself to be of age, and by means of such representation

and deceit, procuring credit on a contract, which he subsequently avoids by a plea of infancy. The cases are not uniform on this question. The earlier authorities are clear to the point that no such action can be maintained. *Johnson* v. *Pie*, 1 Lev. 169, and 1 Keb. 905; *Grove* v. *Nevill*, 1 Keb 778, 914; *Green* v. *Greenbank*, 2 Marsh. 485. It has been argued in regard to cases of this kind, that the representation itself is not actionable, because it is no injury. It is the avoidance of the contract which causes damage and creates the injury, and that was merely the exercise of a legal right by the infant for which no action will lie; that no such action can be maintained without making the contract an essential part of the right of recovery, which being void, leaves nothing upon which the infant can be legally charged. 20 Amer. Jur. 265; 1 Amer. Lead. Cas. 118; Bing. on Inf. (2d Amer. ed.) 113, note. But without expressing an opinion on this point, it is entirely clear that such false representations are no sufficient answer to a plea of infancy in an action on a contract. Even in New Hampshire, — where it is held that an infant is liable to an action *ex delicto* for fraudulent representations as to his age in procuring a contract, which he subsequently avoids by a plea of infancy, *Fitts* v. *Hall*, 9 N. Hamp. 441, — it has been decided that such representations cannot be set up as an answer to a plea of infancy in an action on a contract. *Burley* v. *Russell*, 10 N. Hamp. 184. See *West* v. *Moore*, 14 Verm. 447; *People* v. *Kendall*, 25 Wend. 399. The only case cited by the plaintiff in support of his position, *Bristow* v. *Eastman*, 1 Esp. 172, does not sustain the doctrine for which he contends. That was an action in form *ex contractu* against an infant for a tort in embezzling money, and it was intimated by the court that the act being one for which an infant was in law liable, and to an action for which infancy was no defence, the form of the remedy might be the same as against an adult, and therefore that the plaintiff might waive the tort, and sue in assumpsit. The authority of this case has been questioned, 20 Amer. Jur. 267; and whether sound or not, furnishes no analogy to the case at bar.

The ruling of the court upon the question of necessaries

was correct. It is the well settled rule that it is the province of the court to determine whether the articles sued for are within the class of necessaries, and if so, it is the proper duty of the jury to pass upon the questions of the quantity, quality, and their adaptation to the condition and wants of the infant. 20 Amer. Jur. 283; *Peters* v. *Fleming*, 6 Mees. & Welsb. 42; *Harrison* v. *Fane*, 1 Man. & Grang. 550; *Phelps* v. *Worcester*, 11 N. Hamp. 51. The keep of four horses for six months, under the circumstances stated in the exceptions, could in no proper sense be deemed to be necessaries for which an infant could be held liable, and if the case had been submitted to the jury on this point, and a verdict returned for the plaintiff, it would have been the duty of the court to set it aside. *Harrison* v. *Fane, ubi supra.*

The ruling of the court in giving the opening and close to the defendant was erroneous, because the admission of the plaintiff's case by the defendant, was not filed until after the trial had commenced by the reading of the writ. The case on this point is within *Wigglesworth* v. *Atkins*, 5 Cush. 212, and for this reason there must be a new trial.

*Exceptions sustained.*