GEORGE GILSON *v.* GEORGE SPEAR.

*Infancy. Fraud.*

An infant is liable in an action *ex delicto,* for an actual and wilful fraud only in cases in which the form of action does not suppose that a contract has existed; but where the *gravamen* of the fraud consists in a transaction which really originated in contract the plea of infancy is a good defence.

Therefore an action on the case for deceit in the sale of a horse cannot be sustained against an infant; nor would the fact that the deceit consisted of a concealment of the truth distinguish the case from one in which the falsehood was distinctly affirmed in words; nor would the plaintiff's cause of action derive any additional strength from the fact that he offered to return the horse and receive back the purchase money.

THIS is an action on the case for deceit, or fraudulent concealment of unsoundness in the sale of a horse. The plaintiff, in his declaration, alleged that on the 1st of April, 1863, he purchased of the defendant a horse for the price of one hundred and fifteen dollars, as and for a sound horse, and that the defendant, at the time of the sale, to induce the plaintiff to give this price, affirmed that the horse "was sound, wind and limb, and free from any defect whatever, but refused to warrant the same," whereas the horse, at that time, in fact was unsound, and then and for a long time before had an incurable disease called the heaves, and was lame; all which was well

known to the defendant; and that the defendant, intending to cheat and defraud the plaintiff, concealed this disease and lameness from him, and he, the plaintiff, was wholly ignorant of the same, and that by reason of the same the horse is rendered worthless, and the plaintiff averred in his declaration that he has offered to return the horse to the defendant and receive back the purchase money given for the same, which offer was refused by the defendant. The defendant plead in the county court to this declaration, (1.) not guilty, and (2,) that at the time of the sale of the horse to the plaintiff, he, the defendant, was an infant, within the age of twenty-one years, to wit, of the age of twenty years, concluding with a verification. The plaintiff joined issue on the first plea, and demurred to the second plea. At the December Term, 1865, Windsor County Court, BARRETT, J., presiding, the demurrer was *pro forma* overruled, and the plea of infancy was adjudged sufficient, and judgment was thereon rendered in favor of the defendant. To this decision and judgment the plaintiff excepted.

*J. J. Wilson* and *A. P. Hunton,* for the plaintiff.

*Hutchinson & Rowell,* for the defendant.

The opinion of the court was delivered by

KELLOGG, J. The sole question in this case is whether an action on the case for deceit in the sale of a horse can be sustained against an infant; and, in considering this question, the facts alleged in the plaintiff's declaration are to be treated as admitted by the demurrer. It is an admitted general principle that an infant is liable in actions *ex delicto* for positive wrongs and constructive torts or frauds; and it is equally well settled that where the substantial ground of action is *contract,* a plaintiff cannot, by declaring in *tort,* render a person liable who would not have been liable on his contract. Whether the fraud in this case should render the defendant liable to an action *ex delicto* is the question which we are to consider.

In *Johnson* v. *Pie,* reported in 1 Levinz, 169, and 1 Siderfin, 258, and 1 Keble, 905, 913, (decided in 1664 after being twice argued,) the infant had affirmed that he was of full age, and confiding in this representation, the plaintiff had lent him money, and the action was an action on the case for the infant's fraudulent representation in respect to his age. After verdict for the plaintiff, judgment was ar-

rested on the ground that "although infants may be bound by actual torts, as trespass, &c., which are *vi et armis et contra pacem*, they will not be bound by those which sound in deceit," and Lord Chief Justice KEELING is reported to have expressed great indignation at the attempt to charge an infant in tort upon that which was the foundation of an action of assumpsit, and to have said that, if the judgment was not arrested, the whole foundation of the common law would be at stake. In *Graves* v. *Neville*, 1 Keble, 778, an action on the case in the nature of deceit for the sale by the defendant of goods as his own when in truth they belonged to another, the court said that this was no actual tort nor any thing *ex delicto*, but only *ex contractu*. The principle of these cases has uniformly been adhered to in the English courts. In *Green* v. *Greenbank*, 2 Marshall, 485, (4 E. C. L. 375,) where the plaintiff declared in an action on the case, that, having agreed to exchange mares with the defendant, the latter by falsely warranting his mare to be sound, well knowing her to be unsound, &c., falsely and fraudulently deceived the plaintiff, &c., it was held that infancy was a good plea in bar, on the ground that the *assumpsit* was clearly the foundation of the action, and that the deceit was practiced in the course of the contract. The case of *Johnson* v. *Pie*, was recognized as of unquestioned authority in the cases of *Price* v. *Hewett*, 8 Exch. 146, (18 Eng. L. & E. 522,) decided in 1853 ; *Liverpool Adelphi Loan Association* v. *Fairhurst et ux.*, 9 Exch. 422, (26 Eng. L. & E. 393,) decided in 1854 ; *Wright* v. *Leonard et ux.*, 11 J. Scott, N. S., (C. B.,—103 E. C. L.,) 258, decided in 1861 ; and *Bartlett* v. *Wells*, 1 Best & Smith's Q. B. R., (101 E. C. L.) 836, decided in 1862. See also the case of *De Roo et al.* v. *Foster*, 12 J. Scott N. S. (C. B.,—104 E. C. L.) 272, decided in 1862. In the case of the *Liverpool Adelphi Loan Association* v. *Fairhurst et ux.*, *ubi supra*, PARKE, B., says expressly " that where the tort is incidental to the contract, as the contract is altogether void, the fraud goes for nothing. The rule of decision in the case of *Johnson* v. *Pie*, seems never to have been questioned, much less overruled, in any English case, and it remains as good law in the English courts at the present day. In this country, although there has not been the same uniformity in the decisions of the courts, it has been recognized and approved in many cases. *Brown* v. *Dunham*, 1 Root, 272 ;

*Geer* v. *Hovy*, *ib.* 179 ; *Wilt* v. *Welsh*, 6 Watts, 9 ; *Brown* v. *McCune*, 5 Sandf. Sup. Ct. R. 228 ; *Homer* v. *Thwing*, 3 Pick. 492 ; *Tucker* v. *Moreland*, 10 Peters, 59.  In the case of *West* v. *Moore*, 14 Vt. 447, it was expressly held, as in the English case of *Green* v. *Greenbank*, *ubi supra*, that infancy was a good bar to an action founded upon a false and fraudulent warranty upon the sale of a horse ; and, in the opinion delivered by BENNETT, J., the case of *Johnson* v. *Pie* is expressly recognized as being of controlling authority.  The same principle was recognized and re-affirmed in the case of *Morrill* v. *Aden*, 19 Vt. 505.  There are cases in this country in which this rule of decision has been questioned or over-ruled, as in *Ward* v. *Vance*, 1 Nott & McCord, (S. Carol,) 197, which was an action on the case for deceit in a warranty on an exchange of horses ; and *Peigne* v. *Sutcliffe*, 4 McCord, (S. Carol,) 387, which was an action on the case for the embezzlement of goods entrusted to an infant as a carrier ; and *Fitts* v. *Hall*, 9 N. H. 441, in which it was distinctly held that an infant is answerable for a fraudulent representation and deceit which is not connected with the subject matter of the contract, but by which the other party is induced to enter into one with him, if he afterwards avoids the contract by reason of his infancy ; as where he represents himself to be of full age, and thereby induces a person to sell him goods upon a credit ; and a distinction is suggested of this nature, that an infant is not liable in case for any fraudulent affirmation that makes a part of the contract, as for a fraudulent representation as to the quality of goods, but that for fraudulent representations anterior or subsequent to the contract, and not parcel of it, he is liable.  This last case is entitled to great respect as being well considered, and was referred to with approbation by REDFIELD, J., in *Towne et al.* v. *Wiley*, 23 Vt. 355, a case which stood upon ground which did not require any such rule of decision.  If the question was to be reconsidered in the English courts, we should readily agree that there is great cogency and force in the reasoning by which the decision in the case of *Fitts* v. *Hall* is sustained, but the case itself is in direct opposition to the whole current of the English and most of the American cases.  1 Amer. Leading Cases, (4th Ed.,) 262.  In *Burley* v. *Russell*, 10 N. H. 184, it was admitted that such an affirmation as in *Fitts* v. *Hall* would not estop an infant so as

to render him liable on the contract, and the same decision was made in *Merriam* v. *Cunningham*, 11 Cush. 40. This doctrine implies as a logical sequence that the avoidance of a contract induced by such a representation is the legal right of the infant, and not a *fraud*. The case of *West* v. *Moore*, *ubi supra*, which was decided in this court nearly four years after the decision of the case of *Fitts* v. *Hall*, proceeds in this respect on the same ground with *Burley* v. *Russell*, *ubi supra*, and there is no apparent difference in principle between a falsehood expressed in words and the same falsehood properly inferred from actions, demeanor, or silence. Both are equally fraudulent, and the damage resulting from the one would be as great as from the other. The allegation of concealment would not, therefore, distinguish this case from one in which the falsehood was distinctly affirmed in words ; and the plaintiff's cause of action in this case derives no additional strength from his offer to return the property. The refusal of the defendant to return the price of the property was not a disaffirmance or avoidance of the contract by him, and unless he had the money in his possession so that he could restore it to the plaintiff when the horse was tendered back to him, no action of trover for it could be sustained against him. This was held in the case of *Fitts* v. *Hall*.

We think that the fair result of the American as well as of the English cases is that an infant is liable in an action *ex delicto* for an actual and wilful fraud only in cases in which the form of action does not suppose that a contract has existed ; but that where the *gravamen* of the fraud consists in a transaction which really originated in contract the plea of infancy is a good defence. For simple deceit on a contract of sale or exchange, there is no cause of action unless some damage or injury results from it, and proof of damage could not be made without referring to and proving the contract. An action on the case for deceit on a sale is an affirmance by the plaintiff of the contract of sale, and the liability of the defendant in such an action could not be established without taking notice of and proving the contract. It was held by this court in *West* v. *Moore*, *ubi supra*, that the deceit or fraud to charge an infant must be *wholly* tortious, and that if the matter arises from contract, although infected with fraud, it cannot be turned into a tort to charge him by a change

in the form of action; and this principle fully sustains the defence of infancy in this action. We think that there is no greater liability for deceit resulting from the fraudulent concealment by an infant of a material fact than there is for his false and fraudulent affirmation in respect to the same fact; and if the recognized rule of law by which our judgment is controlled is wrong, it should be changed by statute, as it has been changed in some other states. (Code of Iowa, 1851, p. 224, § 1489; Compiled Laws of Kansas, 1862, p. 720, ch. 146, § 3.) It was well said by GIBSON, C. J., in *Wilt* v. *Welsh*, *ubi supra*, that " in contemplation of law, an infant of three years is not inferior in discretion to one of twenty," and it is to be remembered that no general principle of policy can be established without being the occasion of hardship or injustice in particular cases.

Judgment of the county court for the defendant on demurrer to the defendant's plea affirmed.