DORAN ·v. SMITH.

*Infancy. Fraud.*

Infancy is a bar to an action on the case for false and fraudulent representations by a vendor or pledger as to his ownership of property sold or pledged.

CASE. The declaration alleged,

That the defendant at, &c., on, &c., intending to deceive and defraud the plaintiff, and to induce him to purchase a certain gold pin then and there in the hands and possession of the defendant, did falsely, fraudulently, and deceitfully represent to the plaintiff that said pin was then and there the property of the defendant, and that he had title thereto, and good right and lawful authority to sell the same; that the plaintiff, confiding in the said affirmation of the defendant, and believing the same to be true, then and there did buy said pin of the defendant, and pay him therefor the sum of fifteen dollars; that the defendant was not the owner of said pin, and had no title to nor interest in the same, and no right nor authority to sell the same to the plaintiff, but said pin was the

property of another person, to wit, &c., and that said owner re-claimed said pin, and took it from the possession of the plaintiff; whereby, &c.

The declaration also contained a count alleging the transaction as a pledge, with like false and fraudulent representations, and a count in trover.

Defendant pleaded infancy, and plaintiff demurred. The court, at the September Term, 1876, WHEELER, J., presiding, overruled the demurrer, and adjudged the plea sufficient; to which the plaintiff excepted.

*Nicholson & Baker*, for the plaintiff, cited Schoul. Dom. Rel. 563; 2 Kent Com. 241; *Badge* v. *Pinney*, 15 Mass. 359; *Elwell* v. *Martin*, 32 Vt. 217; *Fitts* v. *Hall*, 9 N. H. 441; *Towne* v. *Wiley*, 23 Vt. 355; *Wallace* v. *Mores*, 5 Hill, 391; *West* v. *Moore*, 14 Vt. 447; *Walker* v. *Davis*, 1 Gray, 506; *Vasse* v. *Smith*, 6 Cranch. 226; *Homer* v. *Thuoug*, 3 Pick. 429; *Green* v. *Sperry*, 16 Vt. 320; *Baxter* v. *Bush*, 29 Vt. 465; *Mathews* v. *Cowan*, 59 Ill. 341; *Gilson* v. *Spear*, 38. Vt. 311.

*Warren H. Smith*, for the defendant, cited *Gilson* v. *Spear*, 38 Vt. 311; *Graves* v. *Neville*, 1 Keble, 778.

The opinion of the court was delivered by

PIERPOINT, C. J. This action is brought against the defendant to recover the damage which the plaintiff claims to have sus-tained in consequence of the defendant's having made false and fraudulent representations to him as to his, the defendant's, title to and ownership of certain property which the plaintiff, relying upon such representations, purchased of him and paid him there-for, when in fact the defendant had no title whatever to the prop-erty. The defendant pleads infancy, and the plaintiff demurs to the plea.

The representations alleged in the declaration are of the same character, and stand upon the same principles, as representations as to the quality of the property—they enter into and constitute an element of the contract itself; it is that that makes them actiona-

ble.　The contract must be alleged and proved, or there can be no recovery.　The contract is the basis of the action ; the fraud is predicated upon the contract.　This being so, this case comes clearly within the case of *Gilson* v. *Spear*, 38 Vt. 311, and must be governed by it.　It is there decided that in cases like the present, a plea of infancy is a full defence.　The subject is so fully and ably discussed by Judge KELLOGG in the opinion in that case, that to enlarge upon it here, would be a waste of time.

Judgment affirmed.