EBEN MERRILL et al. vs. MICHAEL SCHWARTZ.

· Hancock.   Decided November 30, 1878.

*Bankruptcy. Warranty.*

A discharge in bankruptcy is a bar to an action upon a warranty, when the right of action for a breach accrued before the defendant filed his petition.

CASE on a warranty of a shingle machine, alleging deceit and fraud and breach of warranty.

ON REPORT, as follows: " The defendant is in bankruptcy, and filed his petition after the cause of action, if any, accrued. If a discharge or composition in bankruptcy, to which plaintiffs did not consent, would be a bar to plaintiffs' claim, the action is to be entered neither party, otherwise to stand for trial."

*G. P. Dutton*, for the plaintiffs.

*E. Hale & L. A. Emery*, for the defendant.

APPLETON, C. J.   This is an action brought upon a warranty of the defendant.   It is not to recover for a tort, but for a breach of contract.   A warranty is a contract.   The plaintiffs claim that a breach has occurred, and have commenced this action to recover the damages arising from such breach.   The damages are ascertainable, and this suit was brought for their ascertainment.   A contract cannot be converted into a tort by the mere use of vituperative language in the declaration.   When a claim originates in contract, although fraudulently induced, and is prosecuted in an action sounding in damages, it constitutes a provable debt, although the fraud must be proved in order to recover.   *In re Henry Schwartz*, 15 B. R. 330.   When the substantial ground of action rests on promises, the plaintiff cannot, by changing the form, make a person liable, who would not be liable on the promises.   *Green* v. *Greenbush*, 4 E. C. L. 375.   *Gibson* v. *Spear*, 38 Vt. 311.

The plaintiffs' right of action had arisen before the defendant filed his petition.   The damages had then accrued and were ascertainable upon the application of the creditor.   R. S. of U. S. § 5068.   *In re Clough*, 2 B. R. 151.

The discharge in bankruptcy is a bar to the plaintiffs' demand. If the bankrupt give a deed with warranty of title when he had no deed for the land, his liability on the warranty is released by his discharge. *Williams* v. *Harkins*, 15 B. R. 34. Bumps on Bankruptcy, (10 ed.) 752. It matters not whether the warranty relates to real or personal property. The result is the same.

*Neither party.*

WALTON, BARROWS, DANFORTH, LIBBEY and PETERS, JJ., concurred.