## JOHN NASH *v.* THOMAS F. JEWETT.

*Infant.  False Representation.*

_An action in tort cannot be maintained against an infant for falsely representing that he is of age, and thereby obtaining credit.

This was an action of trespass on the case, and was heard on general demurrer to the plaintiff's declaration at the December Term, 1888, Taft, J., presiding. The demurrer was sustained and the plaintiff excepted. The case appears in the opinion.

*John B. Meacham* and *G. H. Mason,* for the plaintiff.

The false representation was made prior to the contract and was no part of it. An action *ex delicto* may therefore be sustained. *Fitts* v. *Hall,* 9 N. H. 441; *Towne* v. *Wiley,* 23 Vt. 455.

*Batchelder & Bates,* for the defendant.

This false representation was a part of the contract, hence the plea of infancy is a good bar. *West v. Moore,* 14 Vt. 447; *Morrill* v. *Aden,* 19 Vt. 505; *Gilson* v. *Spear,* 38 Vt. 311; *Doran* v. *Smith,* 49 Vt. 353; *Johnson* v. *Pie,* 1 Keble, 905; *Burley* v. *Russell,* 10 N. H. 184; *Merriam* v. *Cunningham,* 11 Cushing, 40; *Studwell* v. *Shapter,* 54 N. Y. 249; *Wieland* v. *Kobick,* 51 Am. Rep. 677; *Whitcomb* v. *Joslyn,* 51 Vt. 79; *Graves* v. *Neville,* 1 Keble, 776.

From this declaration it does not appear that the plaintiff has ever been damnified, for it is nowhere alleged that the defendant has refused to keep his contract. *Person* v. *Chase,* 37 Vt. 648; *Wiser* v. *Lockwood,* 42 Vt. 720; *Hoyt* v. *Chapin,* 6 Vt. 42; *Fitts* v. *Hall,* 9 N. H. 441; *Patterson* v. *Lippincott,* 1 Atl. Rep. 506; *Whitney* v. *Dutch,* 14 Mass. 457; *Boston Bank* v. *Chamberlain,* 15 Mass. 220; 13 Mass. 204; *Rice* v. *Boyer,* 58

Nash *v.* Jewett.

Am. Rep. 53 ; *Hemer* v. *Thwing*, 3 Pick. 492 ; *Whitcomb* v. *Joslyn*, 51 Vt. 81 ; *Hatch* v. *Hatch Est.*, 60 Vt. 160 ; *Price* v. *Furman*, 27 Vt. 268.

The opinion of the court was delivered by

TYLER, J.   The plaintiff brings this action against the defendant to recover the damages which he claims to have sustained in consequence of the defendant having falsely and fraudulently represented to him that he was of the full age of twenty-one years, whereby the plaintiff was induced to sell the defendant certain goods and merchandise and to take his promissory note therefor.   The defendant pleads infancy, and the case comes to this court on demurrer to the plea.

Cases involving substantially the same question that is here presented have been decided by this court, and a full review of the authorities is unnecessary.   It was held in *West* v. *Moore*, 14 Vt. 447, and *Merrill* v. *Aden*, 19 Vt. 505, that to an action on the case for a false and deceitful warranty of a horse, infancy was a good defense, and in *Gilson* v. *Spear*, 38 Vt. 315, that an infant was liable in an action *ex delicto* for an actual and wilful fraud only in cases in which the form of action did not suppose that a contract existed; but where the *gravamen* of the fraud consisted in a transaction that really originated in contract, the plea of infancy was a good defense.   In *Doran* v. *Smith*, 49 Vt. 353, the defendant falsely and fraudulently represented that he was the owner of certain property and had good right to sell the same, and the plaintiff, confiding in such representations, bought the property and paid the defendant therefor.   The property was not, in fact, the defendant's, and the plaintiff was compelled to surrender it to the true owner, yet a plea of infancy to a declaration in case was held good on demurrer.

The plaintiff's counsel insist that a legal distinction can be drawn between the above cases and the one at bar, in that in the present case the false and fraudulent representation was antecedent to and disconnected with the contract, although it was the inducement to it.

While it is true as a general proposition of law that infants are liable for their torts, yet the form of action does not determine their liability, and they cannot be made liable when the cause of action arises from a contract, although the form is *ex delicto*. A reference to the declaration in this case shows that the representations made by the defendant as to his age, using the concise language of Chief Justice Pierpoint in *Doran* v. *Smith, supra*, " enter into and constitute an element of the contract itself ; it is that that makes them actionable. The contract must be alleged and proved or there can be no recovery. The contract is the basis of the action ; the fraud is predicated upon the contract."

Benjamin in his work on Sales, 22, lays down the general rule that an action at law will not lie against an infant for fraudulently representing himself of full age and thereby inducing the plaintiff to contract with him, and cites many authorities in support of the rule ; but in his note on page 442 he says that an infant may be held liable for a false statement as to his age, if he afterwards successfully refuses to pay on the ground of infancy.

The decision in *Fitts* v. *Hall*, 9 N. H. 441, which is referred to approvingly by Redfield, J., in *Towne* v. *Wiley*, 23 Vt. 355, is relied upon by the plaintiff's counsel in this case ; but that decision was not an authority in point in *Towne* v. *Wiley*. In the latter case, an infant, who had hired a horse of a livery-stable keeper to drive to an agreed place twenty-three miles distant, returned by a circuitous route, nearly double that distance, left the horse standing out of doors during the night, and it died from overdriving and exposure. It was held that the infant was liable in trover for a *conversion* of the property by departing from the object of the bailment the same as if he had taken it in the first instance without permission. In his opinion in that case Judge Redfield said : " In all the cases, then, upon this subject, it will be found that the courts profess to hold infants liable for positive, substantial torts, but not for violations of contract merely, although, by construction, the party claiming

redress may be allowed, by the general rules of pleading, to declare in tort or contract, at his election."

In *Fitts* v. *Hall*, the infant had rescinded the contract by which goods had been sold to him and his note taken therefor, on his false representation that he was of age, and had refused, on demand, to return the property. Parker, Ch. J., who delivered the opinion, said in the subsequent case of *Burley* v. *Russell*, 10 N. H. 184: "That decision is that an infant is liable in case, for a fraudulent affirmation that he is of age, whereby another is induced to enter into a contract with him, if he afterwards avoids the contract by reason of his infancy."

*We think no distinction in principle can be drawn between this case and former cases referred to, decided by this court, and the judgment of the County Court is affirmed.*