(45 Misc. 405)

STONE v. RABINOWITZ.

(Supreme Court, Appellate Term.  November 10, 1904.)

1. INFANTS—CONVERSION—PLEA OF INFANCY.
    Where an action, in form for damages for conversion, is predicated on defendant's failure, on demand, to return an article which was delivered to him on a promise to return, a plea of infancy is a good defense.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Max M. Stone against Issie Rabinowitz for damages for the alleged conversion of a watch and chain claimed to have

been delivered to defendant by the plaintiff's assignor under an agreement for the return of the articles should they not be sold and the purchase money paid. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF, and FITZGERALD, JJ.

Horace London, for appellant.

Abraham B. Schleimer, for respondent.

BISCHOFF, J. The action was in form for damages in conversion, predicated of the defendant's failure, upon demand, to return a watch and chain which were delivered to him upon his promise to return the articles unless they were sold to one Gold and the proceeds of sale paid to the plaintiff's assignor. Upon sufficient evidence the court below sustained the defendant's plea of infancy, and gave judgment in his favor.

No actual tortious appropriation of the watch and chain by the defendant was attempted to be shown upon the trial. The cause of action was therefore concededly ex contractu, and it is elementary that an infant cannot be held upon a mere contractual promise. The form of the action "cannot alter the nature of the transaction," and, "though the nonperformance of that which is originally contract may be made the subject of an action in tort, the foundation of that action must still be in contract" (Sir James Mansfield in Weall v. King, 12 Earl, 452). "We think that the fair result of the American rule as well as the English cases is that an infant is liable in an action ex delicto, for an actual and willful fraud, only in cases in which the form of the action does not suppose that a contract has existed; but, where the gravamen of the fraud consists in a transaction which really originated in contract, the plea of infancy is a good defense" (Gilson v. Spear, 38 Vt. 311, 315. See, also, Tyler on Infancy of Coverture [2d Ed.] 180, and cases there collated; Bishop on Noncontract law, §§ 560, 569; Cooley on Torts [2d Ed.] 123; Fiero, Torts, 47), and it is well settled "that, where the substantial ground of action rests on promises, the plaintiff cannot, by changing the form of action, make a person liable on the promise" (Campbell v. Perkins, 8 N. Y. 430, 440). Obviously, since we must assume that the defendant prevailed in his plea of infancy, it is needless to review the evidence as to its preponderance on the question as to whether the watch and chain were delivered to the defendant or Gold.

Judgment affirmed, with costs. All concur.