80 A.2d 663 (1951)
LESNICK et al.
v.
PRATT.
No. 220.
Supreme Court of Vermont. Caledonia.
May 9, 1951.
Graves, Mehlman & Brown, St. Johnsbury, for plaintiffs.
Ernest E. Goodrich, St. Johnsbury, for defendant.
Before SHERBURNE, C.J., and JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.
CLEARY, Justice.
The plaintiffs say that this Court, in its opinion, failed to consider and apparently overlooked the claim set forth in the defendant's answer "that the defendant upon coming of age promptly within the time required by law disaffirmed and repudiated" the contract and sale. The record shows that the defendant pleaded his infancy and the findings of fact show that at the time of the alleged sale the defendant was an infant. The opinion mentions both of these matters. The quoted portion of the answer was surplusage. By pleading more facts than are necessary a party does not thereby obligate himself to prove them. Healey v. Cady, 104 Vt. 463, 467, 161 A. 151.
This suit is brought against a defendant who was a minor at the time of the alleged contract and sale. Infancy is a good defense to such a suit and a plea of infancy is a sufficient disaffirmance and repudiation of the contract. Roberts v. Wiggin, 1 N.H. 73; Heath v. West, 26 N. H. 191, 199; Welch v. King, 279 Mass. 445, 452, 181 N.E. 846; Tucker's Lessee v. Moreland, 10 Pet. 58 at pages 71 and 72, 9 L.Ed. 345; also Gilson v. Spear, 38 Vt. 311 at page 315, and Doran v. Smith, 49 Vt. 353, 354, cited in the original opinion. The case of Gilson v. Spear, 38 Vt. 311 is similar to the case at bar. There the plaintiff sued for fraud in the sale of a horse. The defendant pleaded infancy and the court gave him judgment on the plaintiff's demurrer to the plea. If the plaintiffs would have avoided the plea and proof of infancy in the case at bar the burden was upon them to plead and prove matter in avoidance. Tobey v. Wood, 123 Mass. 88, 89; Catlin v. Haddox, 49 Conn. 492, 500. This they failed to do. Spencer v. Lyman Falls Power Co., 109 Vt. 294, 301, 196 A. 276, relied upon by the plaintiffs, is not in conflict *664 with this holding. There the plaintiff sued in chancery to avoid a deed and had the burden of proving that he disaffirmed within a reasonable time.
The plaintiffs say that this Court overlooked and failed to consider the fact that the defendant waived its exception to the failure of the court below to find that the defendant disaffirmed and repudiated the contract. The defendant's exception was not waived but was briefed by him. The motion for reargument is denied.
In the event that reargument is denied the plaintiffs ask for a remand so that the plaintiffs can declare against the defendant as bona fide assignees for value of a claim for the conversion of the automobile in question. That would introduce a new cause of action and is not allowable under our Practice Act. McCutcheon v. Leonard, 114 Vt. 368, 370, 45 A.2d 200; Smith v. Badlam, 111 Vt. 328, 330, 16 A.2d 182; Johnson v. Hardware Mutual Casualty Co., 109 Vt. 481, 489, 490, 1 A.2d 817. So a remand would be of no avail. Let full entry go down.