## VASSE v. SMITH.

ERROR to the circuit court for the district of Columbia.

The declaration had two counts; first, a special count, charging the defendant Smith, who was a supercargo, with breach of orders; second, *trover*.

The firs count stated that Vasse, the plaintiff, was owner and possessed of 70 barrels of flour, and, at the instance and request of the defendant, put it on board a schooner at Alexandria to be shipped to Norfolk, under the care, management and direction of the defendant, to be by him sold for and on account of the plaintiff, at Norfolk, for cash, or on a credit at 60 days, in good drafts on Alexandria, and negotiable in the bank of Alexandria. That the defendant was retained and employed by the plaintiff for the purpose of selling the flour as aforesaid, for which service the plaintiff was to pay him a reasonable compensation. That the defendant received the flour at Alexandria, put it on board the schooner, and sailed, with the flour under his care and direction, to Norfolk; " yet the defendant, not regarding the duty of his said employment, so badly, carelessly, negligently, and improvidently behaved himself in said service and employment, and took such little care of the said flour by him so received as aforesaid, that he did not sell the same, or any part thereof, at Norfolk, for cash, or on a credit of 60 days for drafts on Alexandria, negotiable in the bank of Alexandria, but the said defendant, on the contrary thereof, by and through his own neglect and default, and through his wrongful conduct, carelessness and improvidence, suffered the same, and every part of the said 70 barrels of flour, in his possession as aforesaid, to be embezzled, or otherwise to be wholly lost, wasted, and destroyed."

Infancy is a bar to an action by an owner against his supercargo for breach of instructions; but not to an action of trover for the goods. Still, however, infancy may be given in evidence in an action of trover, upon the plea of not guilty; not as a bar, but to show the nature of the act which is supposed to be a conversion.

An infant is liable in trover, although the goods were delivered to him under a contract, and although they were not actually converted to his own use.

A bill of exceptions ought to state that evidence was offered of the facts upon which the opinion of the court was prayed.

The second count was a common count in *trover* for the flour.

The defendant, besides the plea of *not guilty*, pleaded *infancy* to both counts; to which last plea the plaintiff demurred generally.

The court below rendered judgment for the *defendant* upon the demurrer to the plea of infancy to the first count; and for the *plaintiff* upon the demurrer to that plea to the second count. Upon the trial, in the court below, of the issue of not guilty, to the count for *trover*, three bills of exception were taken by the plaintiff.

The first bill of exceptions stated, that the defendant offered evidence to prove that the flour was consigned and delivered to the defendant by the plaintiff under the following letter of instructions.

" Mr. Samuel Smith—Sir—I have shipped on board the schooner *Sisters*, Captain ———, bound to Norfolk, 70 barrels of superfine flour, marked A. V. to you consigned. As soon as you arrive there I will be obliged to you to dispose of it as soon as you can to the best advantage for cash, or credit at 60 days in a good draft on this place, negotiable at the bank of Alexandria. I should prefer the first, if not much difference; however, do for the best of my interest.

(Signed)                    "*Amb. Vasse.*"

And that the defendant received the flour in consequence of that letter of instructions, and upon the terms therein mentioned. That the flour was not sold by the defendant at Norfolk, but was shipped from thence by him, without other authority than the said letter of instructions, to the West Indies, for and on account of one Joseph Smith, as stated in the bill of lading, which was for 398 barrels, 70 of which were stated in the margin to be marked A. V., 198 I. S., 100 D. I. S., and 30 P. T.

VASSE,
v.
SMITH.

That the defendant when he received the flour, and long after he shipped it, was an infant under the age of twenty-one years. Whereupon the court, at the prayer of the defendant, instructed the jury that if they found the facts as stated, the defendant was not liable upon the count for *trover.*

The second exception was the admission of evidence of the defendant's *infancy.*

The third exception stated that, " upon the *facts aforesaid,* (the facts in the first bill of exceptions mentioned,) the plaintiff prayed the court to instruct the jury that if they shall be of opinion that the defendant was under the age of twenty-one years, and between the age of nineteen and twenty years, and that the defendant *of his own head* shipped the flour to the West Indies, in a vessel which has been lost by the perils of the sea, and that the said shipment was made with other flour, on account of his father Joseph Smith, in such case the defendant has thereby committed a *tort* in regard to the plaintiff, for which he is liable in this action, notwithstanding his infancy aforesaid, which instruction the court refused to give.

The verdict and judgment being against the plaintiff, he brought his writ of error.

*E. J. Lee* and *C. Lee,* for the plaintiff in error.

1. The infancy of the defendant was no bar to the first count, because it was a count in *tort,* and not upon contract, and infants are liable for *torts* and *injuries* of a private nature. 3 *East,* 62. *Govett* v. *Radnidge and others.* 3 *Bac. Abr.* 132. *Noy,* 129. *Roll. Abr.* 530. *Fearnes* v. *Smith.* 3 *Bac. Abr.* 126.

2. The shipping of the flour without authority was a conversion. *Peake's Ni. Pr. Cases,* 49. *Youl* v. *Harbottle.* 4 *T. R.* 260. *Syrds* v. *Hay.* 1 *Wils.* 328. *Perkins* v. *Smith.* *Bull. N. P.* 35. 6 *Mod.* 212. 6 *East,* 539. *M'Combie* v. *Davis.*

VASSE
v.
SMITH.

3. Infancy cannot be given in evidence upon the issue of *not* guilty.

It is admitted that if the possession had been obtained by a *tort*, the infant would be liable; but it is contended that the possession having been rightfully obtained, a subsequent misapplication of the property by an *infant* cannot be a conversion unless it be actually a conversion to his own use.

But there are no cases to justify such a doctrine, and it is contrary to the principles of analogous cases. In an action of trespass for mesne profits infancy is no bar, although he becomes a trespasser by implication of law. *Latch.* 21. 1 *Bac. Abr.* 132. 1 *Esp. Rep.* 172. So a *feme covert* is liable in an action of trover, because the conversion is a *tort*. *Yelv.* 166.

Although infancy may be given in evidence upon *non assumpsit*, yet it cannot upon any other general issue. *Gilb. L. E.* 164. 216. 217. 2 *Term Rep.* 166. Upon not guilty, the defendant cannot give in evidence a *license*, nor a right to a way, nor any other matter of justification. *Str.* 1200. 1 *Tidd*, 591. 598. 600.

Any act which, if done by a person of full age, would be a conversion, will be a conversion if done by an infant.

In the present case the bill of lading, which is a negotiable instrument, being in the name of Joseph Smith, the plaintiff had no power or control over it. It would unquestionably be a conversion if done by an adult. The only question is, whether the nature of the act is altered by being done by an infant. 1 *Term Rep.* 215. 745. 2 *Term Rep.* 63. 6 *Term Rep.* 131. 5 *Term Rep.* 583.

*Swann*, contra.

An infant is liable for actual, not for constructive *torts* founded upon contract, or bailment, which is in the nature of a contract. In this case the action might as well have been brought upon the *contract*, as upon

VASSE
v.
SMITH

the *tort*.  If it had been brought upon the contract, infancy would have been a bar.

The case is clearly within the reason of the law of infancy, and it cannot be in the power of the plaintiff by his form of action to deprive the defendant of his defence.  The case cited from Peake's Cases arose entirely *ex delicto*.  There are cases in which infancy may be given in evidence upon *not guilty*.  5 *Burr.* 2826.

*March 5.*

MARSHALL, Ch. J. delivered the opinion of the court as follows:

The first error, alleged in this record, consists in sustaining the plea of infancy to the first count in the declaration.

This count states a contract between the plaintiff and defendant, by which the plaintiff committed seventy barrels of flour to the care of the defendant, to be carried to Norfolk, and there sold for money, or on sixty days' credit payable in drafts on Alexandria, negotiable in the bank.  The plaintiff then alleges that the defendant did not perform his duty in selling conformably to his instructions, but, by his negligence, permitted the flour to be wasted so that it was lost to the plaintiff.

This case, as stated, is completely a case of contract, and exhibits no feature of such a tort as will charge an infant.  There can be no doubt but that the court did right in sustaining the plea.

The second count is *in trover*, and charges a conversion of the flour.

That an infant is liable for a conversion is not contested.  The circuit court was of itself of that opinion, and therefore sustained the demurrer to this plea.  But, in the progress of the cause, it appeared

that the goods were not taken wrongfully by the defendant, but were committed to his care by the plaintiff, and that the conversion, if made, was made while they were in his custody under a contract. The court then permitted infancy to be given in evidence on the plea of not guilty. To this opinion an exception was taken.

If infancy was a bar to a suit of trover brought in such a case, the court can perceive no reason why it may not be given in evidence on this plea. If it may be given in evidence on *non assumpsit*, because the infant cannot contract, with at least as equal reason may it be given in evidence in an action of trover in a case in which he cannot convert.

But this court is of opinion that infancy is no complete bar to an action of trover, although the goods converted be in his possession, in virtue of a previous contract. The conversion is still in its nature a tort; it is not an act of omission but of commission, and is within that class of offences for which infancy cannot afford protection. Yet it may be given in evidence, for it may have some influence on the question, whether the act complained of be really a conversion, or not.

The court, therefore, does not consider the admission of this testimony as error.

The defendant exhibited the letter of instructions under which he acted, which is in these words: " Sir," &c. but the plaintiff offered evidence that the flour was not sold in Norfolk, but was shipped by the defendant to the West Indies, for and on account of a certain Joseph Smith, as by the bill of lading which was produced. The defendant then gave his infancy in evidence, and prayed the court to instruct the jury, that if they believed the testimony, he was not liable on the second count stated in the plaintiff's declaration, which instruction the court gave, and to this opinion an exception was taken.

This instruction of the court must have been founded on the opinion, that infancy is a bar to an action of

VASSE
v.
SMITH.

trover for goods committed to the infant, under a contract, or that the fact proved did not amount to a conversion.

This court has already stated its opinion to be, that an infant is chargeable with a conversion, although it be of goods which came lawfully to his possession. It remains to inquire whether this is so clearly shown not to be a conversion, as to justify the court in saying to the jury, the defendant was not liable in this action.

The proof offered was, that the defendant shipped the goods on account of Joseph Smith. This fact, standing unconnected with any other, would unquestionably be testimony which, if not conclusive in favour of the plaintiff, was, at least, proper to be left to the jury. But it is urged that this statement refers to the bill of lading, from the notes in the margin of which it appears that, although the bill of lading, which was for a much larger quantity of flour, was made out in the name of Joseph Smith. yet, in point of fact, the shipment was made for various persons, and, among others, for the plaintiff.

The court perceive, in this bill of exceptions, no evidence explanatory of the terms under which this shipment was made, and the marks in the margin of the bill of lading do not, in themselves, prove that the shipment was not made for the person in whose name the bill was filled up.

It is possible that it may have been proved to the jury that this flour was really intended to be shipped on account of the plaintiff, and that the defendant did not mean to convert it to his own use. But the letter did not authorize him so to act. It was not, therefore, a complete discharge; and should it be admitted that an infant is not chargeable with a conversion made by mistake, this testimony ought still to have been left to the jury. The defendant would certainly be at liberty to prove that the shipment was in fact made for Vasse, and that he acquiesced in it so far as to consider the transaction not as a conversion; but without any of

these circumstances which, if given in evidence, ought to have been left to the jury, the court has declared the action not sustainable.

This court is of opinion that the circuit court has erred in directing the jury that, upon the evidence given, the defendant was not liable under the second count; for which their judgment is to be reversed, and the cause remanded for further proceedings.*

* The *Chief Justice* noticed also the phraseology of the third bill of exceptions. It prays the opinion of the court upon certain facts, without stating that any evidence of those facts was given to the jury. It is doubtful whether those facts exist in the case, and whether the court would be bound to give an opinion upon them.