[See Cases Nos. 16,893 and 16,894.]

## Case No. 16,896.

VASSE v. SMITH.

[2 Cranch, C. C. 31.] [1]

Circuit Court, District of Columbia. Nov. Term, 1811.[2]

DEPOSITIONS—REDUCTION TO WRITING—CERTIFICATE.

1. The magistrate who, in taking a deposition under the act of congress [1 Stat. 88], reduces to writing the testimony of the witness, need not state that it was written in the presence of the witness; but if reduced to writing by the witness himself, it must be done in the presence of the magistrate; and that fact may be proved aliunde.
[Cited in Re Thomas, 35 Fed. 823.]

2. The authority of the magistrate need not be proved otherwise than by his own certificate.

Mr. Taylor, for defendant, objected to a deposition taken under the act of congress on the part of the plaintiff, that the judge who took it did not certify that the testimony which was reduced to writing by him, was written in the presence of the witness.

THE COURT (THRUSTON, Circuit Judge, absent.) overruled the objection.

The defendant's counsel also objected that it did not appear, otherwise than by his own certificate, that Mr. Nevison, who took the deposition, was recorder of Norfolk, and a judge of a court, &c.

THE COURT overruled this objection also.

E. J. Lee and O. Lee, for plaintiff, objected to a deposition taken on the part of the defendant, that the magistrate did not certify, that the testimony of the witness was reduced to writing by the witness in the presence of the magistrate, although it was certified to have been reduced to writing by the witness and subscribed by him in the presence of the magistrate.

THE COURT, upon reading the certificate, thought the inference strong that it was written in presence of the magistrate, but permitted the magistrate to be sworn to prove the fact.

For the other points decided in this cause, see 6 Cranch [10 U. S.] 226, in the supreme court of the United States, where the above decree was reversed.