By the Court,

Kelson, C. J.
The question presented in this case is, whether a minor is within the statute making it an offence to procure goods by false pretences.
A very ingenious argument has been submitted by counsel for the prisoner maintaining the negative.
The offence as charged, consists in the defendant having procured a fur *306 cap from N. & B. by falsely affirming that he was interested in the stock and other property on a farm occupied by his father. It appears that he lived with his father at the time, who supplied him with the usual necessaries for his condition. The contract of sale therefore was not binding, on account of his minority. Hence it is insisted he cannot be guilty of fraud or deceit therein, that can in any way affect him, and which are essential ingredients in the crime; that as the contract itself is voidable, notwithstanding the false representations, they are to be disregarded as idle and unmeaning. This is all undoubtedly correct as it respects [ *401 ] *the civil remedy: for it is well settled that a matter arising ex contractu, though infected with fraud, cannot be changed into a tort in order to charge the infant by a change of the remedy. Several strong cases to this effect are referred to in the brief submitted. But other considerations present themselves when viewing the case in a criminal aspect, to which effect must be given; and which are decisive against the prisoner.
The statute, 2 R. S. 564, § 53, is general, “ every person, who with intent to cheat or defraud another,” “ shall be punished,” &c. It contains no exception in favor of infants. All the books agree that where an act is denounced as a crime, even of felony or treason, by a general statute, it extends as well to infants, if above fourteen years, as to others. 1 Hawk. 1; 4 Black. Com. 23 ; Hale P. C. 21; 3 Bacon, 592 ; Reeves Dom. Rel. 257. The gist of the offence here consists in procuring the goods of another by false pretences, with the intent to cheat and defraud : intentionally and fraudulently inducing the owner to part with his property by wilful falsehoods, in representing himself to be in a condition in which he knew he was not. 14 Wend. 558,11 Id. 565.
The legal effect of any contract that may have been formally entered into in the course of committing the offence: in other words, the question in respect to any civil remedy, the party defrauded might have against the prisoner, is not at all material in defining the crime. They are wholly distinct and disconnected, and depend upon the application of a different set of principles. Suppose a minor in entering into a contract not binding upon him on account of his privilege, should commit a forgery, or pass counterfeit money : can there be a doubt but that he would be punishable for the offence,' though the contract itself, of which the act is perhaps but in part execution, was void or voidable ? It is a perversion of the whole doctrine of the privilege of an infant, to extend it to an exemption from criminal responsibilities in the sense contended for by his counsel. He is, indeed, thus privileged in a degree when under the age of fourteen ; for then he is presumed to be doli incapax and the prosecutor must shew, affirma- [ *402 ] tively, *to the court and jury that his understanding has reached *307 to sufficient maturity and strength to distinguish between good and evil. The evidence of malice will supply age. This is the extent of the privilege in a strictly criminal point of view. There are cases going beyond this, where the corporal punishment is but collateral, and not the direct object of the proceeding against the infant; but it is unnecessary to look into them, as they have no bearing upon the question here. 3 Bacon, 591; Reeve, 257.
It was very early held that minors were subject at common law to punishment for the offence here charged; such as cheating with false dice. Sid. 258; 1 Hawk. 343, tit. Cheats, 9 Vin. 396, pl. 18. So under the statute of 33 Hen. VIII., c. 1, it seems to have been determined that an infant might be convicted for procuring goods by false token, shewing himself of age, and .afterwards pleading his infancy. Hawk. 345 ; n. 2.
The proceedings must be remitted to the general sessions of Chenango, with directions to proceed to judgment.