## Chauncey Green *v.* Pierpoint Sperry.

The wife is not, *prima facie*, the agent of the husband for the purpose of lending his property ; and permission from her alone to take it will be no defence to an action of trover brought by the husband for it, when there are no circumstances tending to show the husband's assent.

If the taking of property be wrongful, and an action of trover for the conversion be commenced, the plaintiff cannot be compelled to receive back the property in mitigation of damages.

If an infant take property wrongfully, he is liable in trover ; and, *Per* Bennett, J., if it be bailed to him, and he use it for a different purpose from that for which it was bailed, the bailment is determined, and he is liable in trover.

TROVER for a watch. Issue was joined to the court upon a statement of facts agreed upon, which were substantially these.

The defendant, about the middle of November, 1842, commenced teaching school in Dorset, in the plaintiff's district, and obtained a watch from the plaintiff's wife, and said he would return it that week. The chrystal of the watch was cracked. At the end of the week the plaintiff called on the defendant for the watch, and several times between that time and the first of January, 1843, asked him to bring it back; to which the defendant replied that it was at a watchmaker's in Manchester, being repaired, and that he would return it. The watch was repaired by the watchmaker in Manchester in November, when it was first carried to him. About the last of December, 1842, or first of January, 1843, the defendant closed his school in Dorset, when the plaintiff asked him again to return the watch. The defendant replied again, that it was at Manchester, being repaired, that he would get it and return it,—to which the plaintiff made no answer. The defendant, about the first of January, 1843, left Dorset, and went to Sandgate, to teach school, without returning the watch. This action was commenced Jan. 17, 1843. After it was commenced, and before trial, the defendant returned the watch in repair, and offered to pay the costs, which the plaintiff refused to receive. The defendant was a minor.

The county court rendered judgment for the plaintiff for the value of the watch. Exceptions by defendant.

*D. Roberts, Jr.,* for defendant.

1. The defendant borrowed the watch of the plaintiff's wife. The case goes no farther. This was not necessarily a conversion; for, if the plaintiff was present, and did not dissent, it was a borrowing of him directly; if he was absent, the wife had authority to lend. *Church* v. *Landers,* 10 Wend. 79. Besides, the plaintiff recognized the authority of the wife to lend, by calling for the watch only after the time for which it was lent. The case, then, not stating facts which would make the borrowing of necessity a conversion, it shall not be aided by presumption. Co. Lit. 78 *b.*

2. The defendant's not returning the watch according to his agreement, nor on request, was a neglect, a *non-feasance,* but not a conversion. A conversion is a positive, tortious act. 2 Ph. Ev. 294.

Bac. Ab., Trover B. *Bromley* v. *Coxwell*, 2 B. & P. 438. *Anon.*, 2 Salk. 655. *Ross* v. *Johnson*, 5 Burr. 2852. *Attersol* v. *Briant*, 1 Camp. 409. It is true that the watch was demanded; but there was no refusal, but rather excuses, and those true,—and hence this constitutes no evidence of a conversion. *Severin* v. *Keppell*, 4 Esp. 156, cited and approved in 2 Ph. Ev. 226, n. 6, and 2 Selw. N. P. 1301. 2 Salk. 655. *Smith* v. *Young*, 1 Camp. 439. *Rice* v. *Clark*, 8 Vt. 109.

3. The infancy of the defendant is a sufficient defence in this case. *Vasse* v. *Smith*, 6 Cranch 226. The action arises, substantially, out of a contract,—a loan, with a simple neglect to return on demand,—and so the plaintiff shall not, by varying his action, deprive the defendant of his legal privilege. *West* v. *Moore*, 14 Vt. 447, and cases cited.

*Miner* and *Burton* for plaintiff.

That the defendant was a minor cannot avail him, for 1, The law will not presume, in the absence of proof, that the plaintiff's wife had license from her husband to lend the watch, and, for all legal purposes, the defendant took the watch without liberty. 2. He left the town and vicinity without returning it, after repeated demands.

The opinion of the court was delivered by

BENNETT, J. This case came before the county court upon a statement of facts agreed upon, on which judgment was rendered for the plaintiff. Before the defendant can succeed on his bill of exceptions, he must make out affirmatively that there was error in the judgment of the county court. The case finds that the watch was borrowed of the wife of the plaintiff by the defendant, who was a minor, for one week. Neither the absence of the husband from home at the time, nor any attending circumstances, are shown, from which it could be inferred that the wife acted as the authorized agent of the husband. The wife is not, *prima facie*, the husband's agent for leasing his lands, or lending his horses, or watches, because it does not come within the ordinary scope of her business. To render the act of the wife of any binding effect against the husband, the agency must have been proved or inferred by the triers from the circumstances attending the case. No such fact is agreed upon, or found by them.

It has been argued, at the bar, that the subsequent assent of the husband to the act of the wife might have been inferred from his not having demanded the watch until after the expiration of the time for which she lent it. It is a sufficient answer to this, to say that his assent is neither found nor agreed upon by the case stated. The result, then, is, that the defendant took and carried away the watch without the license of the husband ; and, when there is connected with this the fact of the continued neglect of the defendant to return the watch to the plaintiff, though repeatedly called upon for that purpose, and keeping the same within his control, we have no doubt of the sufficiency of the facts agreed upon to show a wrongful conversion of the property by the defendant.

The fact that the defendant was a minor cannot avail him. The cause of action does not arise from a contract; the property was never bailed by the husband, or his authorized agent, to the defendant. But, even in cases where property is bailed to a minor, and he uses the property for a different purpose from that for which it was bailed, the bailment is thereby determined, and the minor is liable in trover. The cases of *Homer* v. *Thwing,* 3 Pick. 429, *Rice* v. *Clark,* 8 Vt. 109, and *Vasse* v. *Smith,* 6 Cranch 226, go upon this ground.

The judgment of the county court is affirmed.