By the Court. Slosson, J.
The action is brought to recover the value of a horse, alleged in the complaint to have been hired by the defendant, on the 5th of July, 1854, of the plaintiff, a livery-stable keeper in the city of Hew York, to go from the city of Hew York to Flushing in Queen’s county, and to no other place whatever ; and the allegation is, that the horse was driven to Jamaica, without the permission of the plaintiff, and thus converted to the defendant’s use. The defendant, by his answer, denies the specific hiring and conversion of the horse mentioned in the complaint, but alleges that he hired the horse generally, and that he died whilst he was being used with ordinary care, and without any fault on the part of the defendant, but from defects in the animal himself. He then sets up infancy, as a distinct defence, and submits his rights to the court.
The jury were directed to find the value of the horse; and a verdict fixing the value was taken, subject to the opinion of the court.
*50 There is no doubt that where the goods of one person are intrusted to another, for a particular purpose, a misappropriation of them is a conversion, and trover lies. This has been held in the case of the misapplication of a note. (Murray & Ogden v. Bowling, 10 J. R. 172.)
So trover will lie where a party hires a horse to go a fixed distance, and goes beyond it. The act is, for the time being, a dispossession of the plaintiff of his right in his horse, and an assumption by the defendant of a right to use him as his own, and this is a conversion. These principles are recognized in Sarjeant v. Blunt, (16 J. R. 74.)
The evidence, however, leaves the exact nature of the contract extremely doubtful. Whether it was a hiring of the horse to go to Flushing by the shortest and most direct route, without liberty of diverging, and to the exclusion of all other places, or was a hiring by the day, for the general object of a trip to Flushing, but without restriction of route, is a question left very much in doubt. The plaintiff, therefore, fails clearly to make out a case of conversion, and there should be a new trial, but as the defendant seems to have tried the case on the assumption that the contract was as said, viz., a hiring of the horse to go to' Flushing and no other place, and as he seems to have relied solely upon the defence of infancy, treating the action as one founded on a breach of contract, to which infancy would be a perfect defence, we think he should pay the costs of the trial.
Had the plaintiff proved that the hiring was for the purpose of going to Flushing by the most direct route, then going by way of Jamaica would have been a wilful act on the part of the infant, which would have disaffirmed the contract of hiring, and made him a trespasser. The contract of hiring was voidable at his elec- and a wilful departure from it was an election to avoid |t. From the moment an infant becomes a trespasser, his plea of ipfancy fails him, and I do not see why the plaintiff would not ha've been entitled to recover in this action, notwithstanding the defendant’s infancy, and notwithstanding there was a contract of hiring, had his proof established the contract as laid in the complaint. (Campbell v. Stakes, 2 Wend. 139; Veese v. Smith, 6 Cranch, 226.
There must be a new trial, on payment of costs.