## SANDERS *vs.* LEAVEY.

A lease, given by the corporation of New York, furnishes no evidence of the existence of the facts necessary to warrant proceedings to effect a sale of land for taxes or assessments; but after those facts have been established, and the proceedings for a sale of the premises have been ordered and commenced by advertisement, any irregularity which may occur in the proceedings will be cured by the lease.

The omission to specify, in a notice of sale, the person to whom the payment of the tax is to be made, will not affect the regularity of the sale. All that is necessary, under sections 9 and 10 of the act of 1840, is a mere notice of the sale, embracing the time and place.

The certificate of the street commissioner that an affidavit of the service of the redemption notice required by the statute to be served upon the occupant or person last assessed as owner, has been filed with him, and that he is satisfied such notice has been served, though it may be sufficient to afford prima facie evidence that such affidavit was filed with him, and that the money remained unpaid, furnishes no evidence that the act has been performed which was necessary to give effect and vitality to the lease.

Notice to the occupant, &c. default in payment, and the certificate of the street commissioner that the payment required has not been made, are all necessary to be shown, by the purchaser at an assessment sale, as a condition precedent to the validity of the lease.

THIS was an appeal from the decision of a referee in an action of ejectment, brought by the appellant to recover from the respondent the possession of a lot of ground, situated on the northerly side of 29th street, 125 feet easterly from Lexington avenue, in the city of New York. It was

admitted on the trial that the lot in question was, on the 31st day of March, 1842, in the possession of Asa Bigelow, jun. as owner in fee. On that day a judgment for $7004.08, recovered in the supreme court against said Asa Bigelow, jun. in favor of James G. King and others, was docketed in the office of the clerk of the city and county of New York. On affidavits and notice of motion, an order was duly made in the supreme court, on the 14th day of February, 1852, directing the issuing of an execution on said judgment. An execution was duly issued, and on the 18th day of February, 1852, was delivered to the sheriff of the city and county of New York, who sold the premises in question together with three other lots, on the 1st day of April, 1852, to Justin A. Edwards, the highest bidder. On the 6th day of April, 1852, the sheriff filed in the office of the clerk of the city and county of New York, a certificate, duly executed, dated April 1, 1852, setting forth, in the usual and due form, said sale, &c. On the 15th day of July, 1853, the sheriff delivered to said Justin A. Edwards, the purchaser, a deed duly executed, conveying the lot in question together with the three others bought at said sale. On the 7th day of April, 1857, the said Justin A. Edwards and Octavia C. his wife, in consideration of $4000, conveyed by deed the lot in question together with the three others purchased at said sheriff's sale, to Elizabeth E. Sanders, the plaintiff in this suit. The foregoing constituted the title of the plaintiff to the lot in question. Two grounds of defense were set up against the title of the plaintiff. 1. A lease of the premises in question to William A. Walters, for the term of thirteen years, dated March 6, 1848, duly assigned by Walters to J. L. Tiffany, and by Tiffany to the defendant, purporting to be given by the corporation of the city of New York, pursuant to a sale made on the 4th day of March, 1846, for the non-payment of an assessment for regulating and paving 29th street. The lot was assessed to Asa Bigelow, jun. 2. An assignment, dated June 1, 1843, made by Asa Bigelow, jun.

to a receiver, in obedience to an order of the court of chancery, dated May 23, 1843, granted on an ordinary judgment creditor's bill. The creditor's bill was founded on a judgment for $12,613.17, recovered in the superior court of the city of New York, against the said Asa Bigelow, jun. in favor of William Couch, and docketed in the office of the clerk of the city and county of New York, on the 20th day of April, 1842, and an execution issued thereon and returned unsatisfied. The referee having found that "the plaintiff had established *prima facie* a legal and possessory title to the premises," that "the title in the receiver is not a valid outstanding title," but that the corporation assessment lease was "a paramount and subsisting legal title in the defendant," the case came up solely upon the exceptions taken to the finding and decision of the referee in favor of the validity of said assessment lease.

*H. P. Townsend*, for the plaintiff.

*Henry G. DeForest* and *A. Melville*, for the defendant.

*By the Court*, INGRAHAM, P. J. The question submitted to us in this case arises upon a sale by the corporation of the property of the plaintiff for non-payment of an assessment. Objections were taken before the referee, and were urged upon the court on this appeal, to the proceedings taken prior to the sale, as not being in conformity to the statute, and therefore as being void and giving no title. Before examining them separately, it may be well first to ascertain to what extent such errors are fatal to the proceedings, and when they are cured by the lease given after the sale.

By the act of 1816, chap. 115, it is provided that the lease to be given on the sale of lands for taxes or assessments, shall be conclusive evidence that the sale was regular according to the provisions of the act. The distinction must be observed between what is necessary to give jurisdiction and

Sanders *v.* Leavey.

what is a mere irregularity in the proceedings. In the latter case, the lease would cure the irregularity, but it could have no effect to confer jurisdiction, if the necessary steps for that purpose had been omitted. By matters necessary for juris- diction, we must at any rate understand all such steps as were necessary to be taken prior to the act of the corporation directing the advertisement for the sale. This was held in the cases of *Whitney* v. *Thomas*, (23 *N. Y. Rep.* 281,) *Leggett* v. *Rogers*, (9 *Barb.* 408,) where it was said that the deed was not prima facie evidence of the preliminary steps giving authority to sell; in *Varick* v. *Tallman*, (2 *Barb. S. C. Rep.* 113,) and in *Tallman* v. *White*, (2 *Comst.* 66,) where Ruggles, J. says: "The comptroller's deed is conclu- sive evidence of the regularity of the sale, but not of the right and power to sell. It is not evidence of the facts which conferred upon him power to sell."

Although these cases were in regard to lands sold in other parts of the state, the same principle is involved, because the statute makes the comptroller's deed in those cases, as it does the lease in the city of New York, conclusive evi- dence that the sale was regular.

In *Doughty* v. *Hope*, (1 *Comst.* 79,) the decision of the supreme court was affirmed, for the reasons assigned by that court. And in that case (3 *Denio*, 594) it was held that the legislature had reference to the auction at which the incipi- ent right of the purchaser was acquired, and it was also held that it did not apply to the subsequent steps by which that right became perfect. The same distinction was taken in *Striker* v. *Kelly*, (2 *Denio*, 323,) viz: that the lease was not evidence of the authority to sell, although it was of the proceedings by which the sale was effected.

From these decisions I think the rule may be considered as settled, that the lease given by the comptroller furnishes no evidence of the existence of the facts necessary to warrant proceedings to effect a sale for taxes or assessments; but that after those facts have been established and the proceed-

ings for a sale of the premises have been ordered and commenced by advertisement, then that any irregularity which might occur in those proceedings would be cured by the lease.

The first objection taken to the regularity of the proceedings and the authority of the street commissioner to sell, was that the proper notice of sale was not given. The statute required notice of the sale to be given in ten papers. By the act of 1830, chap. 2, (*Davies' Laws, p.* 700,) it was provided that the notice should require the owner of the land to pay the amount due to such person as might be appointed, &c. to collect the same; but by the act of 1840, (*Davies' Laws, p.* 833, § 9,) it was provided that notice of the sale should be published once in each week for three months in ten papers, one of which should contain a detailed statement and the others should refer thereto. This does not require in the nine papers any further notice than of the sale (embracing the time and place) and the paper in which the detailed statement is published. The counsel for the appellants, however, urges that this notice must contain all that was necessary under the act of 1830, except of the property to be sold. This objection is answered by a reference to the tenth section, which says it shall not be necessary to give any further publicity of the intended sale than is contemplated by the preceding section; which was a mere notice of the sale.

The omission, therefore, of the general notices of sale to state the person to whom the payment of the tax was to be made, did not affect the regularity of the sale.

If it was an irregularity, then I think it would come within the defects cured by the lease. The provisions of the act of 1843 apply only to sales for taxes, and are not applicable to sales for assessments, and therefore do not affect this case.

The objection to the sale that the proper affidavits were not made by the collector previous to the passage of the resolution directing the sale, is not well taken. The affidavits proven are sufficient within the provisions of the act

of 1816, chap. 115, § 2.  (*Davies' Laws, p.* 598.)   The first section of that act does not apply to sales for assessments, but only for taxes, and the provision of that section requiring the affidavit to be in form as specified in section 11 of the act of 1813 is not applicable.

It is also objected that after giving the lease by the street commissioner, the notice required by the statute to be served upon the occupant or person last assessed as owner, was not shown to have been served, as required by the statute of 1841.  (*Davies' Laws, p.* 843, *and* 1843, *p.* 875.)

It was held in *Doughty* v. *Hope,* (3 *Denio,* 594,) that the lease was not evidence of any of the steps necessary to be taken after the sale, by which the right acquired by the sale could be made perfect; and it becomes necessary, therefore, in order to make the title by the lease valid, to show that such notice was given and proof thereof filed with the street commissioner, sufficient to satisfy him that such service had been made.

There was no evidence on the trial, of any service of such a notice, nor was the affidavit of such service, supposed to have been filed with the street commissioner, produced.   The referee, however, has found that the notice was served, and that the affidavit was filed with the street commissioner. These findings are based upon the certificate of the street commissioner that the affidavit had been filed with him, and that he was satisfied such notice had been duly served.   The referee appears to have considered the certificate conclusive on those matters.   There is nothing in any of the statutes referred to which makes this certificate conclusive evidence as to the matters therein stated, or as to the regularity of the proceedings, as the case is.   If it is to have such an effect, it can only be by inference from the wording of the statute.   This provides that if the officer, with whom the affidavit is to be filed, shall be satisfied by such affidavit that the notice has been served, and if the moneys required to be paid for the redemption of such land, &c. shall not have been

Sanders *v.* Leavey.

paid, he shall certify to the fact, and the conveyance shall thereupon become absolute. I do not think the certificate of the street commissioner is to be construed as having such an effect. The affidavit is to be filed with him, and if it (the affidavit) satisfies him that the notice has been served, and if the money has not been paid, he is to certify the fact, &c. What fact? The referee thinks the word "fact" means all that the commissioner has to be satisfied of. Even conceding this to be so, it does not follow that it furnishes any evidence that such notice was served. It may be sufficient to afford prima facie evidence that such affidavit was filed with him and that the money remained unpaid, as these matters were within his own knowledge, but it furnishes no evidence that the act had been performed which was necessary to give effect and vitality to the lease.

In *Jackson* v. *Esty*, (7 *Wend.* 148,) Ch. J. Savage says it was necessary for the purchaser, to complete his title, to show by due proof that such notice was given, and by the certificate that the payment required, &c. had not been made. And in *Bush* v. *Davison*, (16 *Wend.* 553,) Cowen, J. states that the notice, default, proof and certificate are all necessary to be shown as a condition precedent to the validity of the lease.

I think that the referee erred in his conclusions upon this point, and that a new trial must be ordered.

New trial granted.

[NEW YORK GENERAL TERM, November 3, 1862. *Ingraham, Leonard* and *Peckham*, Justices.]