MOORE, appellant, v. EASTMAN.

*Infancy — when defense to an action for over-driving a horse.*

A plaintiff cannot convert acts arising out of a contract with an infant into a tort, and then seek to enforce the contract through the medium of an action *ex delicto*. There must be a tort independent of the contract.

A complaint averred a wrongful taking of the plaintiff's horse by the defendant, and that, in consequence of his malicious, wicked and cruel treatment, the horse died. The defense was infancy, and that the horse was in the defendant's possession by virtue of a contract of bailment for hire ; and that the wrongful acts occurred solely through the unskillfulness, indiscretion and want of judgment of the defendant, and not from intention or malice. *Held*, that to entitle the plaintiff to recover, upon this issue, proof of acts, however aggravated, which merely established a breach of the contract on the part of the defendant, was insufficient, and that if the injury occurred in the act of driving the horse, through the unskillfulness and want of knowledge, discretion and judgment of the defendant, he would not be liable.

*Held*, also, that an election, by the defendant, to disaffirm the contract could not be predicated of a use of the animal in the course of the bailment, however excessive ; unless the excess was such as to indicate that it was resorted to for a purpose beyond that for which the horse was hired.

APPEAL from a judgment entered upon a verdict in favor of the defendant.

The action was brought by William E. Moore against Newton Eastman. The complaint alleged that the plaintiff, being the owner and in possession of a horse, the defendant forcibly, wrongfully and unlawfully seized the said horse and maliciously and wickedly drove him with great violence, and savagely whipped and abused and cruelly treated the said animal, and hurt and wounded him ; and that by means of said violent driving and whipping and cruel treatment the defendant killed the said horse, whereby he was wholly lost to the plaintiff, and demanded judgment for $200. The answer denied the allegations of the complaint and set up a contract of bailment and infancy.

On the trial the plaintiff gave evidence tending to show that he let the horse to the defendant for two days, to go from Dunkirk to Versailles, a distance of about twenty miles. That, owing to over-driving, the horse was taken sick on the way; that the defendant, against the advice of the doctor and hotel keeper, drove the horse twenty-four miles and over, at a very fast gate; that before he

reached his journey's end, and four miles therefrom, the horse fell, and it required three men to get him up, and that the defendant forced the horse, while in this condition, to travel this four miles; that shortly after reaching the stable of the plaintiff the horse dropped down and died, and that his death was caused by over-driving. The jury found a verdict for the defendant.

*Holt & Hill,* for appellant.   An infant, at any and all ages, is liable for trespasses, and all other torts.   Neither want of skill nor want of knowledge, discretion or judgment is any defense to actions for wrongs or trespasses of infants. *Bullock* v. *Babcock,* 3 Wend. 391; *Hartfield* v. *Roper,* 21 id. 615; *Tifft* v. *Tifft,* 4 Denio, 175.   An infant can disaffirm a contract by actual notice. *Willis* v. *Twambly,* 13 Mass. 204.   When an infant hires a horse to go from one place to another, and he intentionally goes beyond, he knows that the contract does not authorize him to make this further journey, and in going he does that for which the contract gives him no authority. He assumes and exercises dominion over property in defiance of the owner's rights; and the courts hold that such an act conclusively establishes a disaffirmance of the contract. *Wheelock* v. *Wheelwright,* 5 Mass. 104; *Homer* v. *Thwing,* 3 Pick. 492; *Lucas* v. *Trumbull,* 15 Gray, 307; *Woodman* v. *Hubbard,* 25 N. H. 72; *Hall* v. *Corcoran,* 9 Am. 30.   So when an infant hires a horse, to go from one point to another, by a particular route, if he goes by another and different route he cannot be ignorant of the fact that he is doing that for which he has no warrant in his contract, and such an act is a disaffirmance of the contract. *Fish* v. *Ferris,* 5 Duer, 49.   The act of using property for a purpose different from that for which it was bailed is in itself a disaffirmance of the contract. *Green* v. *Sperry,* 16 Vt. 390.   The defendant, in driving beyond the contract rate of speed, evinced an intent to disregard his agreement, which, of itself, was a disaffirmance of the contract.   If a party steps outside of his contract to do a wrong the contract is no more a protection than if he had been a trespasser from the beginning.   Whatever is done outside of the contract is simply a malfeasance.   One who hires a horse undertakes to use it with care and moderation, and to treat it as carefully as a man of common discretion would treat his own. *Harrington* v. *Snyder,* 3 Barb. 380.   If a contract does not bind a party it is not a license to go beyond the line of the contract and commit a positive wrong.   Story on Bailm., § 413.   When property

is bailed to an infant, his infancy is a protection to him for any nonfeasance so long as he keeps within the terms of his bailment; but when he departs from the object of the bailment it amounts to a conversion of the property; and he is liable, to the same extent as if he had taken the property in the first instance without permission. *Towne* v. *Wiley*, 23 Vt. 355. Every intentional act is necessarily a willful one, within the meaning of the law. *People* v. *Brooks*, 1 Denio, 457; *Commonwealth* v. *Green*, 1 Ashm. 299.

*T. P. Grosvenor*, for respondent. When an injury is done in the exercise of the rights conferred by a contract of bailment, the plea of infancy is a defense. *Green* v. *Greenbank*, 2 Marsh. 485. The act must be wholly tortious; and it is well settled that a matter arising on contract cannot be changed into tort, in order to charge an infant by a change in the form of action. Tyler on Infancy, etc., 176; *Penrose* v. *Curren*, 3 Rawle, 351; *Wilt* v. *Walsh*, 6 Watts, 9. An infant is not liable in any way for a constructive tort or conversion in driving a horse elsewhere than where the contract of bailment allows, or in managing him negligently or unskillfully. Ib. See, also, *Campbell* v. *Stokes*, 2 Wend. 137.

GILBERT, J. The complaint avers a wrongful taking of the horse by the defendant, and that; in consequence of his malicious, wicked and cruel treatment, the horse died. The defense is infancy, and that, at the time the alleged wrongful acts were committed, the horse was in possession of the defendant by virtue of a contract of bailment for hire; and that said wrongful acts occurred solely through the unskillfulness, indiscretion and want of judgment of the defendant, and not from any intentional or malicious or willful act or wrong on his part.

The question is, what proof is requisite to a recovery upon such an issue. Acts, however aggravated, which merely establish a breach of the contract on the part of an infant manifestly are insufficient. The plaintiff cannot convert any thing that arises out of a contract with an infant into a tort, and then seek to enforce the contract through the medium of an action *ex delicto*. There must be a tort independent of the contract. The authorities all agree upon this principle. In *Jennings* v. *Rundall*, 8 T. R. 335, it was held that when a boy hired a horse, and injured it by immoderate driving, this was only a breach of contract for which he was not liable. So in

*Green* v. *Greenbank*, 2 Marsh. 485, the court of common pleas, in England, held that an infant was not liable to an action for falsely and fraudulently deceiving the plaintiff in an exchange of horses, because the deceit was practiced in the course of the contract. The principle of these cases was unanimously approved by the late court for the correction of errors in *Campbell* v. *Stokes*, 2 Wend. 143, which was an action of trespass for misusing a mare hired by the defendant, who was an infant. It was held, in that case, that a bare neglect to protect the animal from injury and to return it at the time agreed upon, would not subject an infant to an action of trespass; but that the infant must do some willful and positive act which amounts to an election, on his part, to disaffirm the contract; that if the infant willfully and intentionally injured the animal an action of trespass would lie against him for the tort; but that if the injury complained of occurred in the act of driving the animal, through the unskillfulness and want of knowledge, discretion and judgment of the infant, he would not be liable. The rule thus established has not been changed in this State to my knowledge, but, on the contrary, has been repeatedly recognized and approved. *People* v. *Kendall*, 25 Wend. 399 ; *Sanders* v. *Leavey*, 38 Barb. 75 ; *Robbins* v. *Mount*, 4 Robt. 461. What then is the willful and positive act which amounts to an election to disaffirm the contract ? Certainly such an election cannot be predicated of a use of the animal in the course of the bailment, however excessive, unless the excess was such as to indicate that it was resorted to for a purpose beyond that for which the horse was hired. Nothing of that kind appears in the case. Instances of the kind of wrong that will make an infant liable are not wanting in the adjudged cases. See *Burnard* v. *Haggis*, 14 C. B. (N. S.) 45, where an infant hired a mare on the terms that it was to be ridden on the road and not over fences in the fields, and the infant lent it to a friend, who took it off the high road, and in endeavoring to jump the animal over a hedge transfixed it on a stake and killed it. *Towne* v. *Wiley*, 23 Vt. 355 ; *Homer* v. *Thwing*, 3 Pick. 492 ; *Lucas* v. *Trumbull*, 15 Gray, 307 ; *Fish* v. *Ferris*, 5 Duer, 49, where the infant drove the horse farther than the stipulated journey, or on a different one; and cases where an infant obtains goods by fraud and then refuses to deliver them up on the demand of the party who has been defrauded; or where he has been intrusted with them for a special purpose, and has perverted them to another purpose, may be taken as examples. They are all con-

sistent with, and, at least, furnish a negative confirmation of the principle before alluded to, that a mere violation of a contract, though attended with tortious results, will not make the infant liable; but that to have that effect the act must be wholly tortious.

In the case before us, taking the evidence on the part of the plaintiff alone, the defendant is fairly chargeable with only two or three acts of immoderate driving of the horse while performing the service for which he was hired, and with driving him when he was not in a fit condition to continue that service. There was no other basis for the inference that the injury to the horse was positive or willful.

The question whether the injury was of that character, or was the result of indiscretion or want of skill and judgment on the part of defendant, was fairly submitted to the jury, and we think their verdict was correct.

Several requests were made to the judge to modify his charge. One of them was that if the jury should find the horse was overdriven, and in a cruel and unusual manner, they might infer the intent from such cruel driving. This was properly refused, because there was no evidence of such cruelty. The other requests, though variant in form, presented merely the converse of the propositions embraced in the judge's charge, and, of course, were properly refused.

The judgment must be affirmed.

*Judgment affirmed.*