ALFRED A. BROWN, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Indictment for procuring a signature to a deed by false pretences — question of intent to cheat and defraud, one for the jury.*

Upon an indictment for obtaining by false pretences the signature of any person to a deed, the intent "to cheat and defraud" is an essential element of the offense, and the question as to whether or not such intent existed should be submitted to the jury.

CERTIORARI to review the conviction of the plaintiff in error, for obtaining the signature of the complainant to two deeds by means of false pretences.

The plaintiff was indicted in December, 1876, for falsely pre-

tending that certain lands in the town of Georgetown, and county of Madison, were free and clear from all encumbrances, and thereby obtaining the signature of one Benjamin Kinne to a conveyance of lands owned by him in the town of Carrolton, and county of Cattaraugus; whereas, at the time of the making of such pretences December 30, 1873, the lands in Georgetown were encumbered by judgments recently recovered against the plaintiff and one Torpey, to the amount of about $5,000.

On the 10th day of November, 1873, a judgment was recovered and docketed in the office of the clerk of Madison county, against the defendant and said Torpey, for $4,000 damages, and $6.69 costs, which judgment was rendered upon confession. On the 9th day of December, 1873, another judgment was recovered and docketed against the same parties, in the same office, for $811.01 damages, and $23.90 costs. After this indictment was found, but before it was tried, these two judgments were satisfied of record.

The defendant was sworn upon his own behalf; and in the course of his testimony admitted that he stated to Mr. Kinne that the property was free and clear, but also said that he had told him before the sale that there were liens upon the property, without describing them, or stating that they were judgments. He also swore that he had made arrangements to have those encumbrances discharged, and that he did not intend to cheat or defraud Mr. Kinne. It further appeared that the defendant, before trading with Mr. Kinne, made a verbal arrangement with the holder of one of the judgments to take an indorsed note for the judgment and have it discharged, but that he had not given the note at the time of the exchange, and did not give it for some time thereafter; that he had also made a verbal arrangement with the holder of the other judgment to have it released upon paying $1,000; but the money had not been paid nor the judgment released at the time of the exchange of property.

*Lansing & Lyman*, for the plaintiff in error.

*N. M. White*, district attorney, and *I. G. Vann*, for The People.

HARDIN, J. :

The statute provides that every person who, with intent to cheat or defraud another, shall designedly  *  *  *  or by any other false pretence, obtain the signature of any person to any written instrument  *  *  *  upon conviction thereof shall be punished.  (3 R. S. [6th ed.], 948, § 58.)  In order to convict under this statute the jury must find as a fact that the "false pretence" was uttered "*with the intent* to cheat *or defraud another.*" In each case the jury should be allowed to find upon the question of *intent* to cheat or defraud.  (*People* v. *Thomas*, 3 Hill, 169 ; *People* v. *Williams*, 4 id., 9 ; *People* v. *Kendall*, 25 Wend., 399 ; *Parmelee* v. *People*, 8 Hun, 623; *Sherman* v. *People*, 13 id., 575.)

The learned judge in his charge to the jury said : " I charge that the act of procuring these deeds by falsehood, if false it was, *under the circumstances of this case* as they were stated, is a crime." The prisoner's counsel excepted to it.

This statement of the learned judge was too broad.  It was, in effect, passing upon the essential facts of the case and concluding thereon that a crime had been committed by the prisoner.  The *intent with* which the representations were made, which were claimed to have been false, should have been left to the jury, as a matter of fact.  (*People* v. *Crissie*, 4 Denio, 525; *Skiff* v. *People*, 2 Park. Crim. Rep., 139.)

The conviction should be reversed, and the proceedings remitted to the General Sessions of Onondaga county for a new trial.

TALCOTT, P. J., and SMITH, J., concurred.

Conviction reversed, and the proceedings remitted to the sessions of Onondaga county and a new trial ordered.