FREEMAN & FRANCIS *vs.* FRANK P. BOLAND.

A minor who hires a vehicle to drive to a place certain, and after getting the vehicle under this contract drives elsewhere or beyond the place, is liable in trover for a conversion; the conversion taking place not under the contract, but by abandoning it and thus terminating the bailment.

EXCEPTIONS to the Court of Common Pleas.

*December* 5, 1882. DURFEE, C. J. The question here is whether an infant or minor who hires a horse and buggy to drive to a particular place, and who, having got them under the hiring, drives beyond the place or in another direction, is liable in trover for the conversion. We think he is. There are cases in which infancy has been held to be a good defence to an action *ex delicto* for tort committed under contract or in making it. But that is not this case. The act here complained of was committed, not under the contract, but by abandoning it; the bailment being thus determined.

The contract cannot avail if the infant goes beyond the scope of it. The distinction may be subtle, but it is well settled, and has been often applied in support of actions precisely like this. It is true the contract must be generally put in proof to support the action, but this is because the tort, inasmuch as it is committed by departing from the terms of the contract, cannot be shown without showing the contract, and not because the contract is otherwise involved. *Homer* v. *Thwing*, 3 Pick. 492; *Towne et al.* v. *Wiley*, 23 Vt. 355; *Fish* v. *Ferris*, 5 Duer, 49; *Vasse* v. *Smith*, 6 Cranch, 226; *Green* v. *Sperry*, 16 Vt. 390; *Campbell* v. *Stakes*, 2 Wend. 137; Addison on Torts, § 1314.

We understand that the defendant does not ask us to decide the questions raised by the other exceptions, the exceptions being waived. *Exceptions overruled.*

*John D. Thurston*, for plaintiffs.

*George J. West*, for defendant.