Dickman, J.
The record discloses that on the 29th day of January, 1878, the defendant John W. Gardner, executed a mortgage on the premises described in the original petition to his brother and co-defendant E. M. Gardner, ostensibly for the purpose of ■ securing the paj^ment of a certain promissory note of that date, by him signed, for five thous- and dollars, made payable to E. M. Gardner or order in two years after date, with interest at eight per cent, per annum. On the 1st day of September, 1878, an interest to the amount of two thousand dollars in the above named note and mortgage was assigned and transferred by E. M. Gardner to Bennington, Coburn & Co.; by them to W. T. Galbreath; by him to James Gilliland, and by his executors, to the defendant W. W. Gilliland.
The question in the case before us, which we deem most material to consider, grows out of the following findings of' fact from the evidence, to-wit-: That W. W. Gilliland, for a full and valuable consideration, became the purchaser of two thousand dollars of the amount secured by the promissory note and mortgage, before the same became due, without any notice or knowledge of fraud; that he is the owner-of the same as he has averred; and that the same is a valid and subsisting lien on the real estate described; that so much of the mortgage dated January 29, 1878, as is claimed by E. M. Gardner, namely, three thousand dollars, is without consideration, and was made by John W. Gardner with intent to hinder, delay and defraud his creditors, and is. therefore fraudulent and void as against such creditors, and that so much pf the mortgage as is held and claimed by E. M. Gardner, should be set aside and held for naught.
It is assigned for error, that notwithstanding the design of the mortgage was to defraud creditors, the court below held, that Gilliland, to the extent of the interest assigned *175 to him in the mortgage, acquired a valid lien on the land ■as against the general creditors of the mortgagor.
As a general rule, it is now well established, that if a fraudulent grantee in a deed to defraud creditors, conveys the estate to a bona fide purchaser, for a valuable consideration, without notice, the conveyance is good as against the general creditors of the first grantor, and in favor of the purchaser the first grant will be purged of the fraud. Such a purchaser, it is said, is a favorite in the eyes of a court of ■equity, and will be protected whether he purchases from a fraudulent grantor or a fraudulent grantee. The interests ■of such purchaser are deemed superior to those of creditors, for the reason, that the former has not, like a mere general ■creditor, trusted “ to the personal responsibility of the debtor, but has paid the consideration upon the faith of the ■debtor’s actual title to the specific property transferred.” Seymour v. Wilson, 19 N. Y. 420. On the part of the pur•chaser there has been merely a substitution of property, and the value given or paid by him has taken the place of the property which he received. In regard to a case where a ■bona fide purchaser, without notice, for a valuable consideration, from a grantee, to whom property has been conveyed to defraud creditors of the grantor, Mr. Justice Storj^ said: “Will not a court of equity decree, that the fraudulent grantee shall account to the judgment creditor for the amount of the proceeds of the sale, considering them as a mere substitution for the original fund ? It appears to me, that such a course is within the established doctrine and practice of the court.” Bean v. Smith, 2 Mason, 274. See Farmers' Bank v. Teeters, 31 Ohio St., 37.
The same principles and reasons that govern in the com veyance of the property by a fraudulent grantee, may properly be extended to an assignment bjr a fraudulent mortgagee of a part of the mortgage-debt. In Harkrader v. Leiby, 4 Ohio St., 611, this court has said: “ It is incorrect to say, that a mortgage does no more than to create a mere lien upon the property. It operates as a conveyance of the estate, by way of pledge or security for the debt, and gives to the mortgagee the benefit of all the doctrines appli *176 cable to bona fide purchasers.” “A mortgagee is deemed a purchaser sub modo\ he is so regarded every day under the statute respecting fraudulent sales, and protected within the saving clause in favor of subsequent purchasers.” Per Nelson, C. J., Frisbee v. Thayer, 25 Wend. 399. “When I speak of a purchaser for a valuable consideration,” says. Eord Hardwick, “ I include a mortgagee, for he is a purchaser pro tanto.” Willoughby v. Willoughby, 1 T. R. 763. The interest acquired by the mortgagee in the land may not be large, but it may also far exceed in amount the value of the land, and the equity of redemption may therefore be worthless. A resort to the procedure of foreclosure in equity, may clothe the mortgagee with the absolute ownership. “A mortgagee,” says Jones in his treatise on mortgages, “is to the extent of his claim a purchaser of the land, and is entitled to the same protection from all secret equities and trusts of which he had no notice as any other bona fide purchaser. He is not affected by his mortgagor’s, fraud in acquiring his title.” § 710 and cases cited.
While the mortgage itself is certainly a lien for a debt, it is something more. In United States v. Fisher, 2 Cranch, 358, the court declared, “ that a mortgage is a conveyance of property, and passes it conditionally to the mortgagee.” And in Conrad v. Atlantic Insurance Co., 1 Pet. 441, a mortgage is declared to be “ a transfer of the property itself, as. security for the debt.” In Webb’s administrator v. Roff, 9 Ohio St., 430, it is held that a mortgage is a conveyance within the statute of frauds and perjuries.
Such being the nature of a mortgage security, and such the relation of the mortgagee to the estate conveyed, if E. M. Gardner, the mortgagee, had conveyed by deed to W. W. Gilliland his interest in the real estate mortgaged, it. might not have been contended that a general creditor of J. W. Gardner, could,' through a court of equity, avoid the conveyance to Gilliland, even though the mortgage was fraudulent as between 'the parties thereto. In Bailey v. Smith, 14 Ohio St., 406, at the very threshold of the discussion of the question, whether the mortgagor might insist upon the fraud as a defense to an action brought to foreclose *177 the mortgage, Ranney, J., says: “The question is in no way affected by the further question, whether a mortgagee acquires such an interest in the land as to enable his grantee, being also assignee of the note, by deed duly executed, to claim the benefit of the rule which protects bona fide purchasers of real estate.”
Gilliland, according to the finding of facts, became the purchaser of two thousand dollars of the amount secured by the promissory note and mortgage. By what form of assignment he obtained such an interest, it does not appear. If to the extent of the amount paid by him, an assignment by deed could have put him in the place of the mortgagee, and ipso facto operated as a transfer of the premises covered by the mortgage, yet, such mode of transfer was not necessary to vest in him the rights of the mortgagee. The mere assignment of a note in writing and delivery of the mortgage deed would be adequate to transfer all the rights secured by the mortgage. Paine v. French, 4 Ohio, 318. A bank by becoming the owner of the notes, may acquire the equity in the mortgage though delivered without endorsement or assignment. Allen v. First National Bank of Xenia, 23 Ohio St, 97; and see Executors of Swartz v. Leist, 13 Ohio St., 419. And if the note or other debt secured by the mortgage be transferred without even a delivery of the mortgage, the mortgage in equity goes with the debt, unless there be an agreement to the contrary.
As the assignee of a note and mortgage may thus acquire all the right secured by the mortgage with power of foreclosure— the consideration paid being a fund substituted for the benefit of the mortgagor’s creditors — no good reason is apparent, why such assignee, if he purchased bona fide, for valuable consideration and without notice, from a fraudulent mortgagee in a deed to defraud creditors, should not be protected against the general creditors of the mortgagor, in like manner as the rights of a bona fide purchaser of property from a fraudulent grantee, without notice, who has paid a valuable consideration to such grantee, are protected against the general creditors of the first grantor, *178 though such grantor may have been actuated by a fraudulent intention.
No authorities have been brought to our notice by counsel, in which the exact question before us has been considered, but the analogies are such, that we think the same rule should be applied to the purchaser of property from a fraudulent grantee, and the assignee from a fraudulent mortgagee of an interest in the mortgage and note or debt thereby secured. A doctrine different from that we have announced, might result in opening a wide door instead of closing the avenue to deception and fraud. The mortgagor, having colluded with his mortgagee to dispose of the security to an innocent purchaser for value who had no knowledge of the mortgagor’s creditors or their claims, might then direct his creditors to pursue the assignee of his fraudulent mortgagee, and make their claims out of the very property for which he and the confederate mortgagee had received the purchase money.
The case of Baily v. Smith, supra, which has given rise to much discussion and some contrariety of opinion, has been referred to in argument as establishing that, the transfer of a negotiable promissory note, secured by mortage on real estate, to a bona fide indorsee, does not entitle the holder to foreclose the mortgage, when it appears that both note and mortgage were obtained by fraud. In that case the mortgagor was not a party to the fraud, but was inveigled into giving his note for a pretended patent right for an utterly worthless machine, and after paying more than half of the note was deluded into executing a mortgage to secure the balance.
Under such a state of facts, the mortgagor was protected, not in taking advantage of his own wrong, but against the fraud that had been practiced upon him by others. The decision gives no encouragement' to the doctrine, that the mortgagor may conspire with the mortgagee to hinder, delay and defraud his creditors, and then avoid a foreclosure as against a bona fide purchaser, for valuable consideration and without notice, from the fraudulent mortgagee, of the whole or a portion of the amount secured by the mortgage.
*179 It is urged, however, that the mortgage in controversy is an entirety, and was given to secure a single promissory note for the gross and entire sum of five thousand dollars.. But the equitable rights of the purchaser from the mortgagee were entitled to the protection of the court, whether he purchased all or only a fractional part of the mortgage debt. There was no legal impediment on the face of the instruments, or otherwise known to the purchaser, that prevented the mortgagee from disposing of the entire or a portion of the amount secured by the promissory note and mortgage, and the assignee of a part of the mortgage debt became entitled pro rata, as when fractional parts of the same judgment are successively assigned to different persons.. Patrick's Appeal, 105 Pa. St. 356; Moore's Appeal, 92. Pa. St. 309; Thayer's Appeal, (Pa.) 9 Atl. Rep. 498.
Upon an examination of the record we have discovered no error, and the judgment of the circuit court should be affirmed.
Judgment accordingly.